## Sovereign Camp, W. O. W., v. Miller.

[ 87 South. 892, No. 21672.]

1. INSURANCE. *Certificate provision that member's contract is governed by laws of society is binding if change made thereby is reasonable and before benefit becomes payable.*

   A provision in an insurance certificate that the contract is governed by the laws of the society then in force or adopted thereafter is valid and binding upon the beneficiary, provided subsequent changes of contract are reasonable and made before benefit accrues.

2. Insurance. *New limitation as to time for suit held void.*
   Where a life insurance contract in a fraternal order is governed
   by the laws of the order then or afterwards adopted, the
   adoption in 1913 of a new constitution and code of laws by the
   order superseded all previous constitutions and laws, and a
   provision therein limiting the right to commence suit within
   one year from death of insured was prohibited by section 3127,
   Code of 1906 (Hemingway's Code, section 2491) and is void.

Appeal from chancery court of Warren county.

Hon. E. N. Thomas, Chancellor.

Action by Mrs. Sallie Miller against the Sovereign Camp,
Woodmen of the World. From decree for plaintiff, de-
fendant appeals. Affirmed.

*Dent & Landau,* for appellant.

The issue is simple. Is the complainant entitled to re-
cover under the laws of this organization? We respect-
fully maintain that she ought not to be permitted to main-
tain this suit. It cannot be doubted that Wm. H. Land
solemnly agreed to be bound by the constitution and laws
of the order existing at the time of his admission into the
order, or thereafter adopted. We set forth in our original
brief, pages 3 and 4, the pledges assumed by him when he
sought to become a member. In his application, dated
January 23, 1897, he assumed the following unequivocal
obligation:

"It is agreed that all the provisions of the constitution
and laws of the order, now existing, or hereafter adopted,
shall form a part of the certificate issued hereunder,
whether printed in, or referred to, in each certificate or
not, and the certificate was issued to him, dated February
12, 1897, upon the faith of this pledge and obligation. He
was a member of the order until the day of his death, on
the 25th day of September, 1914; was protected by its
laws during his long period of membership, and there is
no evidence to indicate that he ever protested against the
many changes in the constitution and laws, or that these

changes did not meet his approval; and by the very terms of his application, and his certificate, he was bound by every amendment to the constitution and Laws. adopted by the order. It appears that he was treated and recognized as a loyal member of the organization; that he was satisfied with all of its amendments, and we submit, it was not permissible even for his wife, his original beneficiary in the certificate, to criticise or ignore these amendments, and we further contend that this complainant cannot condemn these laws, or demand that they be treated as invalid. This court has, as stated in our original brief, held valid amendments to the constitution and laws. *Newman* v. *Supreme Lodge, Knights of Pythias,* 110 Miss. 371; *Butler* v. *Eminent Household of Columbia Woodmen,* 116 Miss. 85; 29 Cyc., 124; *Ogden* v. *Sovereign Camp, Woodmen of the World.* (April, 1907, Supreme Court of Nebraska), 111 N. W. 797; Hardy's Fraternal Society Law, Revised 1910, page 343. Therefore, not only was W. M. Land governed by the constitution and laws of the society, but also any beneficiary he might designate in his certificate.

"The supreme court of Nebraska has even held, where members have agreed in their application to be governed by all by-laws and rules now in force or hereafter adopted, they will be bound by all subsequently enacted by-laws the same as by those in force at the time the certificate was issued." *Farmers Mutual Insurance Company* v. *Kinney* (May, 1902), 64 Neb. 808; Hardy's Fraternal Society Law, Revised, 1910, page 348; *Lange* v. *Royal Highlanders* (December, 1905), Supreme Court of Nebraska, 106 N. W. 224; *Sheppard* v. *Bankers Union* (June, 1906), Supreme Court of Nebraska, 108 N. W. 188; *Farmers Mutual Insurance Co.* v. *Kinney* (May, 1902), 64 Nebraska, 808; *Funk et al.* v. *Stevens et al.,* 169 N. W. 6; *Palmer* v. *Loyal Mystic Legion of America* (Supreme Court of Nebraska, April 23, 1910), 126 N. W. 285; 7 Corpus Juris, pages 1078, 1079; Ibid, 1079.

I.   Contractual Limitations Upheld by a Large Majority of the State Courts and by the Supreme Court of the United States.   Appellee, in her brief, contends that: The contract used on was made in Mississippi, is a Mississippi contract, and is to be governed by the laws of Mississippi, but, as appellee refers to the case of *Miller* v. *Insurance Company,* 74 N. W. 416, decided by the supreme court of Nebraska, we respectfully direct the court's attention to the following Nebraska cases: *Fireman's Fund Ins. Co. of California* v. *Buckstaff* (Supreme Court of Nebraska, Oct. 24, 1893), 56 N. W. 697; *Insurance Co.* v. *Fairbanks,* 49 N. W. 711, 32 Neb. 750; *Insurance Co.* v. *Buckstaff,* 56 N. W. 697, 38 Neb. 150; *German Ins. Co.* v. *Davis* (Supreme Court of Nebraska, June 5, 1894), 59 N. W. 698.

Contractual Limitations have been upheld by the following courts: Arizona: *Gill* v. *Manhattan Life Ins. Co.,* 95 Pac. 89.   Arkansas: *Dwelling House Ins. Co.* v. *Brodie,* 52 Ark. 11, 11 S. W. 196; *McCulloh* v. *Mutual,* 78 Ark. 32.   Connecticut: *Chichester* v. *N. H. Fire Co.,* 74 Conn. 510, 5 Atl. 545.   Georgia: *Met. Life Ins. Co.* v. *Caludle,* 122 Ga. 608, 50 S. F. 337; *Brooks* v. *Georgia Home Ins. Co.,* 99 Ga. 116, 24 S. E. 869; *Ins. Co.* v. *Amos,* 98 Ga. 533, 25 S. E. 575; *Greenwich Ins. Co.* v. *Williams,* 98 Ga. 532, 25 S. E. 31; *Maril* v. *Homes Ins. Co. & C.,* 25 S. E. 189; *Hartford Fire Ins. Co.* v. *Amos,* 98 Ga. 533, 24 S. E. 575.   Illinois: *Richter* v. *Ins. Co.,* 66 Ill. App. 606; *Stephens* v. *Phoenix Assur. Co.,* 85 Ill. App. 355; *Merchants Life Assn.* v. *Treat,* 98 Ill. App. 59.   Iowa: *Matt* v. *Iowa Mut. Aid Assn.,* 46 N. W. 857, 81 Ia. 135; *Harrison* v. *Ins. Co.,* 102 Iowa, 112, 71 N. W. 220; *Whilhelm* v. *Ins. Co.,* 103 Iowa, 72 N. W. 685; *Garretson* v. *Ins. Co. of Iowa,* 86 N. W. 32.   Kansas: *State Ins. Co.* v. *Stoffels,* 48 Kans. 205, 29 Pac. 479; *Modern W. of A.* v. *Bauersfield,* 62 Kan. 340; Kentucky: *Smith* v. *British Amer. Ins. Co.,* 110 Ky. 56, 60 S. W. 841; *Lee* v. *Union Cent. Life Ins. Co.* (Ky.), 56 S. W. 168.   Maryland: *Earnshaw* v. *Sun Mutual Aid Society,* 68 Md. 465; *Metropolitan Life Ins. Co.* v. *Dempsey,* 72 Md. 288; *Home Friendly Society* v. *Robeson,* 100

Md. 86; *Arnold* v. *Supreme Conclave I. O. H.*, Decided June 26, 1914, Md. 680, 91 Atl. 829. Massachusetts: *Lewis* v. *Met. Life Ins. Co.,* 180 Mass. 317, 62 N. E. 369; *Paul* v. *Fidelity & Casualty Ins. Co.,* 71 N. E. 801, 186 Mass. 413. Michigan: *Barry & Finan Lumber Co.* v. *Citizen's Ins. Co.,* 136 Mich. 42, 98 N. W. 761; *Law* v. *New Eng. Mut. Acc. Ass'n,* 94 Mich. 266, 53 N. W. 1104. Mississippi: *Ohio* v. *Western Assur. Assn.,* 5 So. 102. Nebraska: *German Ins. Co. of Freeport* v. *Davis,* 40 Neb. 700, 59 N. W. 698; *Firemen's Fund Ins. Co.* v. *Buckstaff,* 38 Neb. 150, 56 N. W. 697. New York: *Williams* v. *Fire Assn. of Phila.,* 104 N. Y. Supp. 100; *Sweetser* v. *Met. Life,* 28 N. Y. Supp. 543; *Allen* v. *Dutchess Co. Mutual Ins. Co.,* 88 N. Y. Supp. 530; *McCloskey* v. *Sup. Council,* 109 N. Y. App. Div. 309; *People* v. *American Steam Boiler Co.,* 41 N. Y. Supp. 631, 10 App. Div. 9. North Carolina: *Love* v. *Assn.,* 115 N. C. 18, 20 S. E. 169. Ohio: *Prudential Ins. Co.* v. *Hawle,* 19 Ct. Rep. 621; *Apple* v. *Cooper Ins. Co.,* 80 N. E. 955, 76 Ohio, 52. Oregon: *Eagan* v. *Ins. Co.,* 29 Ore. 403, 42 Pac. 99. Pennsylvania: *Mooney* v. *Supreme Council R. A.,* 90 Atl. (P. A.) 132. Rhode Island: *Wilkinson* v. *Ins. Co.,* 27 R. I. 146, 61 Atl. 43. Texas: *Suggs* v. *Ins. Co.,* 9 S. W. 676, 71 Tex. 579; *International Travelers Assn.* v. *Bosworth,* 156 S. W. (Tex.) 346. Vermont: *John Morrell & Co.* v. *New England Fire Ins. Co.,* 71 Vt. 281, 44 Atl. 358. Virginia: *Ins. Co.* v. *Aiken,* 82 Va. 424. Washington: *Meesman* v. *Ins. Co.,* 27 Pac. 77. Wisconsin: *Griem* v. *Casualty Co.,* 75 N. W. 67, 99 Wis. 530. Federal: *Steel* v. *Ins. Co.,* 51 Fed. 715. United States Supreme Court: *Riddlesbarger* v. *Insurance Co.,* 7 Wallace, 389. Canada: *Allen* v. *Merchants Marine Ins. Co.,* 9 Can. L. T. 13; *Robertson* v. *Pugh,* 9 Can. L. T. 17. See, also, the following cases cited in Rose's Notes on United States reports, revised Edition, Vol. 6, pages 634 et seq : Colorado: *Daly* v. *Concordia Fire Ins. Co.,* 16 Colo. App. 350, 65 Pac. 416; *Atchison, etc., R. R. Co.* v. *Baldwin,* 53 Col. 422. California: *Tebbets* v. *Fidelity & Casualty Co.,* 155 Cal. 138, 99 Pac. 502; Indiana: *Knights & Jillson Co.* v. *Castle,* 172

Ind. 112, 87 N. E. 981; *Caywood* v. *Supreme Lodge of Knights, etc., of Honor,* 171 Ind. 412, 86 N. E. 483. Missouri: *Sims* v. *Missouri Pac. R. R. Co.,* 177 Mo. App. 27, 163 S. W. 278; *Johnson Grain Co.* v. *Chicago, etc., R. Co.,* 177 Mo. App. 197, 164 S. W. 183; *Dolan* v. *Royal Neighbors,* 123 Mo. App. 154, 100 S. W. 500. Montana: *Parchen* v. *Chessman,* 49 Mont. 336, 142 Pac. 634. North Dakota: *Cook* v. *Northern Pac. R. R. Co.,* 32 N. D. 348, 155 N. W. 869; *Missouri, etc., Ry. Co.* v. *Harriman,* 227 U. S. 673; *Harvey* v. *Fidelity & Casualty Co.,* 200 Fed. 928; *Goddard* v. *Casualty Co.,* 167 Fed. 752; *Lynchburg Cotton Mill Co.* v. *Traveler's Ins. Co.,* 149 Fed. 958; *Luckenbach* v. *Home Ins. Co.,* 142 Fed. 1026; *Sprigs* v. *Mutual, etc., Life Assn.,* 137 Fed. 170; *Union Cent. Life Ins. Co.* v. *Skipper,* 115 Fed. 72.

II.   Contractual Limitations Upheld in Mississippi. This court, in *Ghio et al.* v. *Western Assur. Co.,* November 5, 1888, 5 So. 102, held: "A condition in an insurance policy that no suit against the insurer for any claim under the policy shall be sustained unless commenced within twelve months next after the loss and that the lapse of this period shall be conclusive evidence against the validity of any claim asserted in any subsequent action, is a bar to a suit commenced twelve months after the loss, it not appearing that this condition was waived by the insurer." See, also, *Ward* v. *Fire Insurance Company,* 82 Miss. 124, cited in our original brief, page 28; *Taylor* v. *Insurance Company,* 101 Miss. 480, page 23 of our original brief.

*Dabney & Dabney,* for appellee.

Even were the one year limitation as it appears in the constitution of 1913, which is the constitution last adopted before Mr. Land's death, legal and valid, ordinarily binding on appellee which we shall, we think, show it now to have been, it would not preclude appellee from bringing her suit because, as the above quoted testimony shows she never knew until three months before the trial of this case

that her cousin, the insured, was dead, that he left a policy in the appellant order, that others had tried to get the benefits and failed because disqualified, and that she was the only living legal beneficiary. She immediately notified the order of these facts and made claim for the amount. Her claim was declined and she brought this suit in less than three months after learning of her rights in the matter. The law hereon is correctly announced in 14 Ruling Case Law on Insurance, page 1420:

"Sec. 582: Circumstances excusing compliance with provision. Failure to bring suit within the time provided by the policy is not excused by the fact that the person entitled to sue is an infant, or that the person entitled to sue did not know of the limitation of time contained in the policy, but a limitation provision does not defeat the claim of the beneficiary when he does not know of the existence of the policy or of the death of the insured, until more than the time specified and he notifies the company at once after acquiring such knowledge."

And in support of this the case of *McElroy* v. *John Hancock Mutual Life Insurance Company,* 88 Mo. 137, 41 Atl. 112, 71 Asr. 400, is cited. *Union Casualty, etc., Co.,* 49 La. Ann. 636. See, also, *Globe Accident Co.* v. *Gerisch,* 163 Ill. 625, 54 Am. St. Rep. 486; *Kentzler* v. *American Mut. etc., Assn.,* 88 Wis. 589, 43 Am. St. Rep. 934.

So as we say, even where the one-year limitation is valid, it could not apply to a rightful beneficiary in ignorance of the fact that the insured had died, that he had a certificate in the order that she was entitled to the benefits thereunder, until after the limitation period had expired, especially as in this case, where the order was notified and claim made as soon as the appellee learned of the matter, and suit was brought promptly on refusal of the order to pay appellee the amount of the benefits.

B. Because said one-year limitation was void, because: 1. The clause itself in the law of the order does not express a clear intention that it shall operate retrospectively.

Our court has held (*Newman* v. *Sup. Lodge,* 110 M. R. 371) that the contract of insurance consists of the application, certificate, and construction and laws, construed together. Let us see what they contain. Insured did agree in his application that:

"All of the provisions of the constitution and laws of the order now existing, or hereafter adopted, shall form a part of the certificate issued hereunder, whether printed on or referred to in such certificate or not. What does the certificate say?

"This certificate is issued and accepted subject to all the conditions on the back thereof, and all the conditions named in the constitution and laws of this fraternity, and liable to forfeiture if said sovereign shall not comply with said conditions, constitution and laws, and such by-laws and rules as are or may be adopted by the sovereign camp, head camp or camp of the jurisdiction of which he is a member at the date of his decease."

And on the back of said certificate we find this: "This certificate is issued in consideration of the representations and agreements made by the person named herein in his application to become a member, etc."

It is true that the insured agreed in his application that provisions of the constitution and laws thereafter adopted, should form a part of his certificate, but this only meant such laws as the order could legally enact. It will be further observed that the certificate is issued subject to all the conditions named in the constitution and laws of this fraternity, and, clearly this means the constitution and laws in effect when the insured became a member of appellant order—that is the 1895 Constitution and laws.

Further, the certificate provides that it is liable to forfeiture if said sovereign shall not comply with what? With said conditions, constitution and laws; that is, if the insured (sovereign) fails to comply with the conditions named on the back of the constitution and laws then in force said constitution and laws, the ones referred to above —"The constitution and laws of this fraternity" and if he

fails to comply with what else? "Such by-laws and rules as are or may be adopted by the sovereign camp, head camp or the camp of the jurisdiction of which he is a member at the date of his decease."

An inspection of the constitution and laws of this order for 1913, will reveal that they consist of: 1st, The constitution, on page 3. 2d, Laws of the sovereign camp governing camps, on page 29. 3d, Camp by-laws on page 66. 4th, Rules of order, on page 74.

So, it will be seen, that the certificate clarifies the question of what future regulations the sovereign must comply with by confining them not to the constitution and laws, but only to the by-laws and rules. Such by-laws and rules as are, or may be adopted, etc. And there is nothing in any by-law or rule touching on the one-year limitation within which suit should be brought.

And, besides this, although the member may, in his application, agree that: "The provisions of the constitution and laws of the order now existing, or hereafter adopted, shall form a part of the certificate issued hereunder, whether printed on, or referred to in such certificate or not."

It is generally held that, notwithstanding this agreement in the application, an amendment will not be interpreted to be retroactive in its operation unless by its terms, it is clearly intended to be so. *Strauss* v. *Mutual Reserve, etc.,* 83 A. S. R. 714-715; *Grant* v. *I. O. S. & D. of Jacob,* 79 M. R. 182; *Ancient Order of United Workmen* v. *Brown,* 112 Ga. 545, 37 S. E. 892, and *Wist* v. *Grand Lodge, A. O. U. W.,* 22 Or. 271, 29 Pac. 610, 29 Am. St. Rep. 605.

On this point it is said by Mr. Freeman, in the most valuable note to *Strauss* v. *Mutual Reserve Association,* 83 Am. St. Rep. 714, as follows: "Even where a benefit society has reserved the power to amend its by-laws, so as to affect the rights of pre-existing members, a new by-law or an amendment will not be interpreted to be retroactive in its operation, unless by its terms it is clearly intended to be so; but such law will be construed as operating only

on cases that come into existence after it was passed. *Wist* v. *Grand Lodge,* 22 Or. 271, 29 Pac. 610, 29 Am. St. Rep. 603, unless there are imperative reasons which require a retroactive application of an amended by-law, it will not be given retroactive effect. *Knights Templars, etc., Co.* v. *Jarman,* 104 Fed. 638, 44 C. C. A. 93; *Eodwall* v. *Supreme Council, etc.,* 196 N. Y. 405, 89 N. E. 1075, and *Wright* v. *Knights of Maccabees, etc.,* 196 N. Y. 391, 89 N. E. 1078; Cooley's Briefs on Insurance, 710 et seq., especially paragraph L, page 711, and paragraph N, p. 715, and paragraph O, p. 719; *Wist* v. *Grand Lodge, A. O. U. W.,* 22 Or. 271, 29 Pac. 610, 29 Am. St. Rep. 603; and most particularly see the very valuable note to *Strauss* v. *Mutual Reserve Association,* 83 Am. St. Rep. 706, and the main case to which the note is appended, and *Stewart* v. *Lee Mutual Fire Ins. Ass'n,* 64 Miss. 499, 1 So. 743, in harmony with the *Strauss* case in 126 N. C. 971, 36 S. E. 352, 54 L. R. A. 605, 83 Am. St. Rep. 699; *Spencer* v. *Grand Lodge, etc.,* 22 Misc. Rep. 147, 48 N. Y. Supp. 590, affirmed in 53 App. Div. 627, 65 N. Y. Supp. 1146. In the case of *Ward* v. *David and Jonathan Lodge,* 90 Miss. 116, 43 So. 302, no property right was affected by the amendment. In the case of *Dornes* v. *Supreme Lodge,* 75 Miss. 466, 473, 23 So. 191, it will be seen in the brief of the learned counsel for appellee that the deceased insured was not a member of the endowment rank when the suicide amendment was adopted, and did not make his first application for membership until February 8, 1894, more than one year after the adoption of the amendment. The fact that the amendment was the law of the order before he became a member of the endowment rank, makes a very different case from this one."

The constitution and by-laws of 1906 in this case affected only those members who became such after the adoption of said constitution and by-laws. *Boyd* v. *Miss. Home Ins. Co.,* 75 Miss. 47, where a policy of insurance is prepared by the company and contains inconsistent stipulations, the meaning most favorable to the insured will be followed. *Manhattan, etc.,* v. *Parker,* (Ala.), 84 So. 298.

"Equivocal provisions in a policy are construed in favor of insured." *Grand Lodge, K. of P.,* v. *Jones,* 100 Miss 467. "The constitution and by-laws of mutual benefit society, relied on to defeat a recovery on a certificate, are to be construed strictly against the insurer and in favor of the insured." *Goodwin* v. *Provident Savings L. A. Society,* 32 L. R. A. 473.

"This one-year limitation was a valid one in those con- stitutions although only applying to certificates thereafter issued for the reason that from the adoption of the 1897 constitution up to 1906, no such section as 3127, Code 1906, had been adopted." This section reads as follows: "3127. Period of limitation not to be changed by contract. The limitations prescribed in this chapter shall not be changed in any way whatsoever by contract between parties, and any change in such limitations made by any contract stip- ulation whatsoever shall be absolutely null and void; the object of this statute being to make the period of limita- tion for the various causes of actions the same for all liti- gants."

And, in the absence of a positive prohibitory statute against contracting for a shorter period of limitation than that prescribed by the general statute of limitations, this court has held that a contract providing for a shorter pe- riod than the general statute was valid. But, contempo- raneous with the enactment of section 3127, above, section 2575, Code of 1906, was enacted. That section appears in the chapter on insurance, and reads as follows: "2571. No stipulation as to jurisdiction. No company shall make any condition or stipulation in its insurance contract con- cerning the court or jurisdiction wherein any suit thereon may be brought nor shall they limit the time within which suit may be commenced to less than one year after the loss or injury, any such condition or stipulation shall be void."

This section negatived, so far as insurance contracts were concerned, section 3127, Code 1906, and permitted insurance contracts to provide that no suit could be main-

tained unless brought within one year after the death of the insured. *Taylor* v. *Farmers Fire Ins. Co.*, 101 Miss. 480.

We have shown above that each constitution adopted, generally at biennial periods, was an entirely new one, superseding the preceding one, and although one constitution might have embodied some of the preceding constitution, such features if a legal impediment to their reenactment and readoption had arisen prior to such reenactment and readoption, would, for that reason, be inoperative when the constitution in which they were legally embodied was superseded by a new constitution adopted after such legal impediment had arisen. *Supreme Lodge, Knights of Pythias* v. *La Malta, et al.*, 95 Tenn. 157, 30 L. R. A. 838; *Grant* v. *I. O. S. & D. of Jacobs*, 97 Miss. 182.

The repeal of section 2575, Code 1906, brought all manner of contracts incuding insurance contracts within the inhibition of section 3127, Code of 1906, and made absolutely void any provision in any contract where a shorter period of limitation was prescribed than that prescribed by the general statute of limitations. Therefore, the one-year limitation clause in the 1913 constitution was a nullity, and the time for bringing an action on this policy is governed by the general statute of limitations which is six years. This contract is a written one and comes within the general statute of limitations. See *Waterworks Case*, 102 Miss. 516; *R. R.* v. *Oil Co.*, 111 Miss. 320.

Holden, J., delivered the opinion of the court.

This is a suit to recover two thousand dollars life insurance on a benefit certificate issued by the appellant Sovereign Camp, Woodmen of the World, to one of its members, William H. Land, and payable to certain beneficiaries designated by the certificate and the constitution and by-laws of the order. The certificate was issued to Mr. Land in 1895 for the sum of one thousand dollars, but subsequently, in 1897, increased to two thousand dollars by

the issuance of a new certificate for that amount. The insured, Mr. Land, died in 1914 while in good standing in the order. Proof was made of the death of insured, and the amount of the certificate was claimed by two parties, one his stepdaughter, and the other an occupant of his home, but, neither of them being a blood relation to the deceased, payment was refused these claimants because they were not within the class of beneficiaries named in the contract of insurance.

The deceased, Land, left no wife or children or other blood relation, except the appellee herein, Mrs. Sallie Miller, who is shown by the record to be a cousin and the nearest blood relation.

The appellee, Mrs. Miller, had no knowledge of the existence of the insurance certificate at the time of the death of her relative, Mr. Land, and it was not until 1920 she found out that the certificate of insurance existed, whereupon she demanded payment, and filed this suit to recover the amount then, five years and eight months after. the death of the insured. From a decree in her favor this appeal is prosecuted.

The chief contention of the appellant is that no recovery can be had by the appellee because the right to sue under the contract of insurance, as evidenced by the certificate and by-laws and constitution of the appellant order, is barred because the suit was not commenced within one year from the death of the insured, as provided by the constitution and laws of the order, which were a part of the insurance contract.

It is well to state here that at the time the first certificate was issued in 1895 there was not provision in the constitution or laws of the order which required that suits to recover the insurance must be commenced within one year after the death of the insured. However, the appellant order thereafter met biennially and enacted and adopted a new constitution and code of laws to govern the membership and the benefit insurance issued. ~ These new constitutions and code of laws adopted by the order every

two years included therein the provision that suit must be commenced within one year after the death of the insured. The adoption of the last constitution and code of laws, with which we are most concerned, was in 1913. The adoption of the 1913 constitution and laws annulled and superseded all previous constitutions and codes, and contained the limiting clause of one year in which the suit must be commenced. The insured died in 1914.

It is argued by appellant that the constitution and laws in force at the time the second certificate of insurance was issued and the constitution and laws of the order adopted thereafter should govern the contract and be binding upon the beneficiary, according to the terms of the application and the insurance certificate. There can be no doubt of the correctness of this position, as held by this court several times. *Newman* v. *S. L., K. of P.,* 110 Miss. 371, 70 So. 241, L. R. A. 1916C, 1051; *Butler* v. *E. H. of C. W.,* 116 Miss. 85, 76 So. 830, Ann. Cas. 1918D, 1137. So, if the provision limiting the time in which the suit must be brought is a valid stipulation, and is applicable to the appellee in this case, then the right to recover is barred.

In opposition to the position taken by the appellant, the appellee contends: First, that the stipulated limitation was not in force in 1895 when the certificate was first issued to the insured, and that when the provision was adopted in 1897 and biennially thereafter it was prospective and not retroactive in effect, and therefore had no application to the contract made previously in 1895; second, that appellee is not barred, for the reason that the provision does not affect her rights because she had no knowledge of the existence of the certificate of insurance until five years and eight months after the death of the insured, her relative, and that she then promptly claimed the benefit insurance and filed suit within one year from the time she had knowledge of her rights; third, that the provision limiting the time to one year in which to commence the suit is void because it is contrary to the law of our state, section 3127, Code 1906 (section 2491, Heming-

way's Code), which section prohibits changing by contract the general limitation of actions.

The appellant answers the latter contention of the appellee with the argument that section 2575, Code of 1906, was enacted in 1906 and was not repealed until 1912, and it gave the appellant the right as, an insurance company to make the provision of limitation of action in its contracts of insurance; and, second, that when section 2575 was repealed in 1912, said section 3127, Code of 1906 (section 2491, Hemingway's Code), could have no retroactive effect upon the contract of insurance made prior to that time; that such retroactive application would be an impairment of contract and unconstitutional.

After a careful consideration of the decisive point involved, we think it unnecessary to determine the question as to whether the provision of limitation of action adopted by the appellant order in 1897 is prospective or retroactive, or both; nor do we believe it necessary to pass upon the question of whether or not the statute (section 3127, Code of 1906; Hemingway's Code, section 2491) in effect was prospective or retroactive, or both, or that it applied only to the remedy before the right of action accrued and did not go to impair the substance of the contract; and we deem it unnecessary to decide the point as to whether the provision of limitation of action barred appellee from suit, since she had no knowledge of her rights under the certificate until 1920, when she commenced suit within the stipulated time.

But the contention of appellant that the appellee is barred by the one-year limitation must fail on the ground that the provision is void, because it is in conflict with said section 3127, Code of 1906 (section 2491, Hemingway's Code).

The pathway to this conclusion is clear and unobstructed. The new constitution and code of laws of the appellant order adopted in 1913 superseded all previous constitutions and laws of the order. Therefore, when the said constitution and laws of 1913 were adopted, section 2575,

Code of 1906, had long since been repealed by an act of 1912 (Laws 1912, chapter 223), which then and there brought into full force and application here said section 3127, Code of 1906 (section 2491, Hemingway's Code), which prohibited the change by contract in the limitation of actions as then prescribed by the general statute of limitation, which in this case was six years from the time the cause of action accrued; consequently it appears that the provision of limitation in the 1913 constitution and laws of the order, which adoption superseded and annulled all others, was adopted in the face of said section 3127, Code of 1906 (section 2491, Hemingway's Code), and must give way to the statute. *Supreme L., K. of P.,* v. *La Malta,* 95 Tenn. 157, 31 S. W. 493, 30 L. R. A. 838.

The decree of the lower court is affirmed.

*Affirmed.*