## AMERICAN NAT. INS. CO. *v.* WATERS.

(Division A. June 25, 1923.)

[96 South. 739. No. 23455.]

INSURANCE. *Failure to give notice of injury within time specified does not forfeit rights, when not so provided.*

Though accident policy requires written notice of injury within twenty days after the accident, where it does not expressly or impliedly provide for forfeiture for failure to give notice within that time, and notice is given within a reasonable time, no forfeiture results.

APPEAL from circuit court of Jones county.

HON. R. S. HALL, Judge.

Action by Dr. C. S. Waters against the American National Insurance Company. From a judgment for plaintiff, defendant appeals. Affirmed.

*B. F. Carter,* for appellant.

The solemn contract entered into by the parties to this suit, provided that "written notice of injury or of sickness on which claim may be based must be given to the

company within twenty days after the date of the accident causing such injury, or within ten days after the commencement of disability from such sickness. In event of accidental death, immediate notice thereof must be given to the company." The policy with all its provisions, conditions, and requirements, was offered to and accepted by the appellee herein, and he fully understood same, and we further most earnestly submit that the giving of this notice of accident within twenty days from the date of the said alleged accident, just as required by clause four of the standard provisions of said policy contract, was a condition precedent to his right of recovery under said policy. There must have been some logical reason for the repealing of section 2575 of the Mississippi Code of 1906. As construing this statute we cite the case of *Assurance Company* v. *Walker,* 99 Miss. 404, which holds that the provisions of the Mississippi Code of 1906, section 2575, extend to a notice of accident required to be given under a policy, and hold that the requirement of the policy to give such notice within ten days after the accident was void because in conflict with said section 2575 of said Code, but this section has been repealed and entirely abrogated.

The burden of proof was upon the plaintiff to show that the proof of loss required by the policy had been forwarded to the insurer. 1 Cyc. 297, Q-4; 1 Cyc. 471, XVI; 1 C. J. 485, D-2. The appellee upon the trial of this cause cited and relied with confidence upon *National Union Fire Insurance Company* v. *Cone,* 85 So. 913, and also upon the case of *Fisher* v. *Globe and Rutgers Fire Insurance Company,* 86 So. 417, but we contend that neither of these cases are in point.

We earnestly contend that defendants motion for a peremptory instruction should have been sustained. *McPike* v. *Western Assurance Co.,* 61 Miss. 37. As to the notice of accident being a condition precedent to the right of the assured to recover, see *Planters Insurance Co.* v. *Comfort,* 50 Miss. 662.

We submit that in the case at bar, no notice of any kind was given, not even a letter written until June 3, 1922, and received by the company June 7, 1922. We would call the attention of this honorable court to the following named cases as holding that the failure to comply with the terms and requirements of the policy, as to giving notice of acident, within the period of time specified in the policy, defeats a recovery on the policy. *Johnson* v. *Maryland Casualty Co.,* 73 N. H. 259, 60 Atl. 1009; *Quinlan* v. *Providence Washington Ins. Co.* 133 N. Y. 356, 31 N. E. 31; *Weidert* v. *State Ins. Co.,* 19 Ore. 261, 24 Pac. 242; *Davis* v. *Northwestern Mutual Fire Association,* 48 Wash. 50, 92 Pac. 881, 15 Ann. Cases, 333 and note. And holding that this rule is applied indiscriminately to accident and liability policies: *Hatch* v. *Casualty Co.,* 197 Mass. 101, 83 N. E. 398; 14 Ann. Cas. 290, and note, 14 L. R. A. (N. S.) 503; Note; Ann. Cas. 1914 D, 412; Notes: 38 L. R. A. (N. S.) 62 et seq; 11 Ann. Cas. 258; Ann. Cas. 1914 A, 271, 272; 3 British Ruling Cases, p. 723.

*F. B. Collins,* for appellee.

It is our contention that unless the said clause in the said policy above referred to, had expressly or specifically stipulated that a failure to furnish such notice within the time specified, would work a forfeiture of the right of the insured to claim the benefits named in said policy or was a condition precedent to the right of the insured to recover under said policy, that a failure to furnish the said notice strictly within the time specified would not work a forfeiture of the right of the insured to recover for injuries received while the policy was in force, provided such notice was furnished within a reasonable time. The courts have universally held that such clauses in insurance policies must be construed most strongly against the insurer. *Southern Fire Ins. Co.* v. *Knight,* 111 Ga. 622, 52 L. R. A. 70.

The courts have almost as universally held that a clause

in an insurance policy limiting the time in which the insured must give notice of loss or injury for which indemnity is provided in the policy, that a failure to give such notice within the time specified does not work a forfeiture of the rights of the insured to claim under the policy unless such clause expressly states that the giving of such notice within the time specified is a condition precedent to the right of the insured to recover for loss or injury or that a failure to furnish such notice within the time limit will work a forfeiture of the right of the insured to claim the benefits provided in such policy. *Southern Fire Insurance Company* v. *Knight, supra,* and cases cited; Mr. Joyce on Insurance, Vol. 4, sec. 3282, to which we add the following cases: *Nance* v. *Oklahoma Fire Insurance Co.* (Okla.), 38 L. R. A. (N. S.) 426; *Continental Fire Insurance Co.* v. *Whitaker* (Tenn.), 64 L. R. A. 451;; *Hartford Fire Insurance Co.* v. *Redding* (Fla.) 37 So. 62; *National Fire Insurance Company* v. *Cone* (Fla.), 85 So. 913; *Fisher* v. *Globe Rutgers Fire Insurance Co.* (La.), 86 So. 417; and 14 R. C. L., sections 501 and 502.

But counsel says that if the court should decide that the failure of the plaintiff to give the notice prescribed within the twenty days as specified did not work a forfeiture of rights of plaintiff under the policy that the court should nevertheless reverse the case because the lower court gave a peremptory instruction for the plaintiff and did not permit the jury to pass on the question as to what was a reasonable time in which to give the notice. But in this contention we think counsel is again in error. 14 R. C. L. 502, citing *Travelers' Insurance Co.* v. *Myers,* 62 Ohio St. 529, 57 N. E. 458; 49 L. R. A. 760; *Foster* v. *Fidelity, etc., Co. of New York,* 99 Wis. 447, 75 N. W. 69, 40 L. R. A. 833. The facts in this case are undisputed and the inferences certain, hence we contend that in such cases the law is that what is a reasonable time in which to give the notice is a question of law, and the court did not err in directing the jury to find a verdict for the plaintiff in this case.

HOLDEN, J., delivered the opinion of the court.

The appellee, Waters, obtained a judgment for one hundred and twenty dollars against appellant, insurance company, on an accident policy insuring appellee against accidents, from which judgment this appeal is taken.

It appears the insured, Waters, slipped and fell, which resulted in a serious injury, confining him to his bed for about thirty days. He notified the insurance company of his injury on a blank furnished with the policy for that purpose. This notice was given, however, about thirty-five days after the injury was received. One of the provisions of the policy, which, of course, was binding upon the insured, was that:

"Written notice of injury . . . on which claim may be based must be given to the company within twenty days after the date of accident causing such injury."

The contention of the appellant insurance company is that the clause in the policy requiring that the insured give notice of the accident within twenty days was violated by the insured, as it appears conclusively that he was not so disabled that it was not reasonably possible for him to give the notice during the time, and that, the provision being a condition precedent to the right of recovery, the failure to give the notice until thirty-five days after the accident ivalidated the policy.

The opposite contention of the appellee is that, while the clause requiring notice within twenty days may or may not be a condition precedent, yet the failure to give the notice within the time limit will not vitiate the policy, since the policy does not expressly nor impliedly provide a forfeiture for a failure to give the notice within the time stipulated, and since notice was given in this case within a reasonable time after the injury and before suit was filed, there was no forfeiture of the rights of the insured under the terms of the policy; in other words, that the provision of the policy here does not intend a forfeiture for failure to give the notice within the twenty days, if

notice be given, as it was, within a reasonable time after the accident causing the injury, and before suit is filed.

We think the contention of the appellee is the correct view, and is supported by the greater weight of authority from the courts of other jurisdictions, and we adopt it as the sound and better view. 14 R. C. L., section 501, p. 1328. The judgment of the lower court is affirmed.

*Affirmed.*