MASSACHUSETTS MUT. LIFE INS. CO. *v.* ENGLAND.

(*Nashville,* December Term, 1936.)

Opinion filed January 30, 1937.

Camp & Camp, of Sparta, for Luther G. England.

Sizer, Chambliss & Kefauver, of Chattanooga, for Massachusetts Mut. Life Ins. Co.

Mr. Justice McKinney delivered the opinion of the Court.

This is a suit to recover disability benefits on a policy issued by plaintiff in error to defendant in error in 1922. The case was tried before the circuit judge without a jury, who rendered a judgment in favor of defendant in error. Upon appeal, the Court of Appeals affirmed the judgment of the trial court. This court granted the writ of *certiorari,* and the case has been argued.

The applicable provisions of the policy are as follows:

"If the insured, after payment of premiums for the first policy year, and before default in the payment of any subsequent year's premium, and before attaining the age of 60 years, shall furnish due proof to the Company at its Home Office that he has become wholly and permanently disabled so that he is and will be permanently, continuously, and wholly prevented thereby from performing any work, or engaging in any occupation, for compensation or profit, and that such disability has existed continuously for not less than sixty days the Company will

"(1) waive the payment of all premiums becoming

due under this policy after the expiration of the then current policy year;

"(2) pay to the insured if then living and such disability shall continue, one per cent of the face of this policy, exclusive of any paid-up additions, and a like amount each month thereafter during the continuance of said total disability of the insured prior to the maturity of the policy.

"The amount of this policy payable at maturity either as an endowment or as a death claim shall not be reduced by any premiums waived or payments made under this provision.

"Provided that, notwithstanding proof of disability may have been accepted by the Company as satisfactory, the insured shall at any time, on demand, furnish due proof to the company of the continuance of such disability, and if the insured shall fail to furnish such proof all premiums thereafter falling due must be paid in conformity with the conditions of this policy, and the annuity payments shall cease."

In October, 1933, defendant in error and his physician, Dr. William Johnson, filled out and submitted to the company proofs of claim for total and permanent disability, in which it was specifically stated that the disability was due to "neuritis, hemorrhoids, chronic nasal pharyngeal catarrh, chronic bronchitis, attacks of hepatitis." In November, following, the company denied liability on the ground that it did not feel "that a presumption of permanency of total disability is justified at this time." Thereafter, in December, 1933, the defendant in error instituted suit. In his declaration he specifically averred that his disability was due to "chronic bronchitis, laryngitis, hepatic cirrhosis, hypertrophic

rhinitis, neuritis, hemorrhoids.'' It will be observed that no mention of tuberculosis was made in either the proofs of disability or the declaration. On January 2, 1934, Dr. R. E. Lee Smith examined defendant in error and diagnosed him as having tuberculosis. On January 13, Dr. W. C. Officer made the same diagnosis. Several days thereafter defendant in error took a nonsuit because of a technical error, and on March 7, 1934, instituted a second suit setting forth in the declaration the same causes of disability alleged in his prior declaration, and in addition thereto he included bilateral pulmonary tuberculosis.

Before the case was at issue, the company forwarded a registered letter to defendant in error, which he received, in which it advised him that the allegations of tuberculosis in his declaration constituted the first notice it had received of any claim for such disability, and requested him to fill out claim blanks, which it enclosed, stating therein the true nature of his disability, and stated that upon their reception it would investigate his claim and give it every consideration. Defendant in error ignored this request and proceeded with the prosecution of his suit.

■■ On the trial all the testimony with respect to tuberculosis was excepted to by the insurer upon the ground that the filing of proofs of disability was a condition precedent to instituting suit, and such proofs did not include that disease as one of the causes of his disability. The exceptions were overruled by the trial court, and his action in admitting such testimony was affirmed by the Court of Appeals. It is quite evident that the tubercular condition of defendant in error entered very largely in the finding of total permanent disability by

the physicians, the trial court, and the Court of Appeals. With this testimony excluded, we are unable to say what the testimony of the physicians would have been, or what conclusions the trial court and the Court of Appeals would have reached. This testimony should have been excluded. Proofs of claim is a condition precedent to bringing suit. 33 C. J., 74. And this is true even though it is not expressly provided in the policy that furnishing such proofs is a condition precedent to suit, or that failure to submit proofs shall operate as a forfeiture of benefits. The Court of Appeals based their contrary holding upon a misconception of the holding of this court in *Continental Fire Insurance Co.* v. *Whitaker & Dillard,* 112 Tenn., 151, 79 S. W., 119, 64 L. R. A., 451, 105 Am. St. Rep., 916. In *Blackman* v. *Casualty Co.,* 117 Tenn., 578, 589, 103 S. W., 784, 786, Mr. Justice NEIL construed his opinion in the *Whitaker Case* as follows:

"We do not think that *Continental Fire Ins. Co.* v. *Whitaker & Dillard,* 112 Tenn., 151, 167, 79 S. W., 119, 64 L. R. A., 451, 105 Am. St. Rep., 916, is in opposition to what has just been said. The doctrine there laid down was that, if a policy of insurance provides that notice and proofs of loss are to be furnished within a certain time after loss has occurred, but does not impose a forfeiture for failure to furnish them within the time prescribed, and does impose a forfeiture for a failure to comply with other provisions of the contract, the insured may maintain an action, though he does not furnish proofs within the time designated, provided he does furnish them some time prior to commencing the action upon the policy, and that this is true, even though the policy provides that no action can be maintained until

after a full compliance with all the requirements thereof."

While delay in giving notice and furnishing proofs in the requisite time, under such provisions as were involved in the *Whitaker Case,* may be excused, we have found no authority holding that a suit can be maintained where no proofs of disability or loss were furnished, unless same was waived by the insurer.

"The object of the notice is to acquaint the company with the occurrence of the loss, so that it may make proper investigation and take such action as may be necessary to protect its interests."  33 C. J., 16.

"The object of the proofs is to furnish the company with the particulars of the loss and all data necessary to determine its liability and the amount thereof."  33 C. J., 17.

With hundreds of claims coming in daily, a large insurance company would have a considerable portion of its income expended in court costs and attorney's fees if a claimant could institute suit against it without giving it an opportunity to investigate and determine its liability, and the parties have contracted that the insurer shall have such privilege before suit is begun.

In the instant case the claimant instituted suit to recover compensation for disability due to tuberculosis without furnishing the requisite proofs.  Even after suit the company called the claimant's attention to this omission, and extended to him an opportunity to supply the necessary information.  Had it been furnished, it is not unlikely that the company would have assumed liability, and would thereby have obviated the expenses and court costs resulting from this litigation.

Section 9051 of the Code of 1932 is as follows:

"If the judgment or decree of the inferior court is reversed, the appellate court shall render such judgment or decree as should have been rendered in the inferior court, and shall issue execution without a *procedendo*, except where the damages to be assessed are uncertain, in which case the court, if of last resort, shall remand the cause for further proceedings."

In the state of this record it would be an almost impossible undertaking for this court to decide the liability of the company, with the evidence as to tuberculosis excluded, and we could not do so with justice to the parties.

Section 9054 of the Code provides:

"The court shall also, in all cases, where, in its opinion, complete justice cannot be had by reason of some defect in the record, want of proper parties, or oversight without culpable negligence, remand the cause to the court below for further proceedings, with proper directions to effectuate the objects of the order, and upon such terms as may be deemed right."

In Williams Tennessee Code Annotated, vol. 6, p. 375, it is said:

"Where it appears, from the record presented for the determination of a cause, that more satisfactory evidence can probably be obtained upon the questions presented for decision, and if produced, such evidence will enable the court to come to a more satisfactory conclusion, the cause will be remanded for such additional proof." (Citing numerous authorities.)

We think this is a proper case to remand for a new trial, in which testimony as to tuberculosis will be excluded.

From the evidence in this case it appears that the

insured is addicted to the drink habit, which has contributed to his depleted condition, and that a cessation of this habit would probably result in improving his health. We are asked to repel the claimant because his condition has been brought about by his inebriety. We cannot do this, if for no other reason than because the policy provides that after one year it shall be incontestable, except for nonpayment of premium. The policy contains no exceptions of disability caused by the use of liquors. Neither have we any authority to restrain the insured from the further use of intoxicants in order that he may regain his health.

For the reasons stated, the case will be reversed and remanded for a new trial.

In the trial court and the Court of Appeals this case was heard with that of defendant in error against the Equitable Life Assurance Society of the United States, wherein liability was adjudged against it. The question of proof as to tuberculosis was not involved in that case, and that company did not file a petition for *certiorari*. A judgment was entered against it for one-half of the costs in the trial court and in the Court of Appeals. The other half of the costs in the Court of Appeals and all the costs accrued in this court will be taxed to defendant in error, England. The remaining costs in the circuit court will be adjudged on final hearing in that court.