HARTFORD ACCIDENT & INDEMNITY CO. *v.* DELTA & PINE LAND CO.

(In Banc. April 29, 1940.)

[195 So. 667. No. 33674.]

498

Shands, Elmore, Hallam & Causey, of Cleveland, and Wm. M. & Wm. G. Hall, of Memphis, Tenn., for appellant, on Suggestion of Error.

500

Sillers & Roberts, of Rosedale, and **Green, Green & Jackson,** of Jackson, for appellee on Suggestion of Error.

Argued orally by **Wm. M. Hall**, for appellant, and by **Garner W. Green** and **W. C. Roberts**, for appellee.

**McGehee, J.**, delivered the opinion of the court on Suggestion of Error.

This case was first argued orally before, and submitted to, Division B of the Court for decision, and the judgment of the court below in favor of the appellee was reversed and the cause dismissed. On suggestion of error, a request was made of counsel to file additional briefs on the question of whether or not a clause contained in the fidelity bond sued on, requiring any claim thereunder to be made within fifteen (15) months after the termination of the suretyship for the defaulting employe, was a condition precedent to liability. This point had been raised in the *fourth* replication filed in the trial court, by the appellee to the plea of the appellant, and that court had held that the right of action could not be defeated, "unless there is some forfeiture in the bond, or there is some stipulation that there will be no liability." In the opinion rendered by Division B as aforesaid, as reported in 188 So. 539, it was said that *three* replications to the appellant's plea had been filed in the trial court. The substance of the first three replications was then set forth in the opinion, and it was held that the demurrers thereto should have been sustained. These three replications merely set forth anew, and also urged additional grounds for, the contention theretofore made by the appellee on a former appeal of the case to this Court, as reported in 169 Miss.

196, 150 So. 205; and to the Supreme Court of the United States, 292 U. S. 143, 54 S. Ct. 634, 78 L. Ed. 1178, 92 A. L. R. 928, to the effect that the rights of the parties under the fidelity bond sued on were governed by sections 2294 and 5131 of the Mississippi Code of 1930 and the decisions of our Court, instead of the laws of the State of Tennessee; whereas, the fourth replication raised for the first time the specific issue of whether or not, even under the Tennessee decisions, a compliance with the clause of the fidelity bond, relied on in appellant's plea as a bar to recovery, was made a condition precedent to liability, as will be hereafter shown. In the opinion rendered by Division B on the present appeal, 188 So. 539, supra, no reference was made to this fourth replication, nor was the point involved therein specifically discussed or decided, on account of the fact that the briefs of counsel were largely devoted to reargument of the questions again raised by the first three replications, which had been settled adversely to the appellee's contention by the decision of the United States Supreme Court, 292 U. S. 143, 54 S. Ct. 634, 78 L. Ed. 1178, 92 A. L. R. 928, supra, reversing the decision of this Court on the former appeal, as rendered in 169 Miss. 196, 150 So. 205, supra. Upon consideration of the suggestion of error and briefs thereon, the opinion rendered by Division B, as aforesaid, was withdrawn, the judgment of reversal set aside, the cause remanded to the docket for argument before Division A, and thereafter submitted for decision by the Court in banc.

The appellant Indemnity Company contends that the appellee was precluded by the law of the case from raising the issue presented by its fourth replication to the appellant's plea, after the remand of the case to the Circuit Court of Boliver County for further proceedings not inconsistent with the opinion rendered by the Supreme Court of the United States aforesaid; also, that under the laws of Tennessee its plea is good, and was sustained by the proof. To determine these two questions it is neces-

sary to first state the issue involved on the former appeal here, and the federal question presented to the Supreme Court of the United States when it reversed the former decision of this Court; and second, to review the decisions of the Tennessee Court and the law as stated by the text writers on the question of whether or not a noncompliance with the provision of the fidelity bond relied on as a defense to the suit is a condition precedent to liability, or whether a failure to comply therewith merely serves to postpone the right to sue.

On the former appeal the appellee had recovered a judgment against the appellant Indemnity Company for the sum of $2,703.79 because of the alleged default of H. H. Harris, who was listed in a fidelity bond as the treasurer of the appellee, employed in its office at Memphis, Tennessee, and whose honesty and fidelity, was insured to the extent of any defalcations, committed in any position, anywhere, not exceeding the sum of $25,000, and which bond was entered into and consummated in the state of Tennessee, where the appellee then had its principal office, and where the appellant Indemnity Company maintained a local office.

The declaration alleged that subsequent to the execution and delivery of the contract of indemnity at Memphis, the appellee moved its office to Scott, Mississippi, where the defalcations of Harris occurred on various dates between May 9, 1929, and September 20, 1929, all in Bolivar County, Mississippi, where the appellee was then engaged in conducting a large planting operation as its principal business. That these defalcations were not discovered in the exercise of due diligence until May 24, 1931, when notice was given immediately to the appellant. That within three months thereafter affirmative proof of the loss was filed with the appellant at its home office at Hartford, Connecticut; and the suit was filed within twelve (12) months of the filing of the proof of loss, as required by the policy.

The contract of indemnity was terminated on December

31, 1929, and the appellee had not made its claim until June 22, 1931, which was more than fifteen months after the termination of the contract of suretyship, but within thirty (30) days of the discovery of the shortage, according to the allegations of the declaration.

The appellant filed a plea to the declaration, to the effect that the cause of action could not be maintained for the reason that the contract contained the additional clause which provides that, ''Any claim must be duly made upon the surety within fifteen (15) months after the termination of the contract of suretyship for the defaulting employee, . . .'' And the plea averred that plaintiff did not make claim for its loss within the time above required. That, wherefore, the plaintiff should not have its action against the defendant for the reason that the fidelity bond sued on is a Tennessee contract, and is governed by the laws of that state. That, therefore, full faith and credit must be given thereto in the courts of Mississippi under the requirements of article 4, section 1, article 1, section 10, and section 1 of the Fourteenth Amendment to the Constitution of the United States, since there is no statute in Tennessee which prohibits the limitation aforesaid in such contracts of insurance or indemnity, and averred that the highest court of Tennessee, in the cases of Guthrie v. Indemnity Ass'n, 101 Tenn. 643, 49 S. W. 829; Phoenix Cotton Oil Co. v. Royal Indemnity Co., 140 Tenn. 438, 205 S. W. 128; City of Bristol v. Bostwick, 146 Tenn. 205, 240 S. W. 774, and other decisions of that court not cited in the plea, had held that such a limitation was valid and binding.

Instead of replying to this plea by saying that while it is true that the provision in the bond, non-compliance with which the defendant had set up therein as a defense, is valid and binding under the decisions of the Tennessee court, and not prohibited in such contracts by any statute of that state, it did not constitute a condition precedent to liability, since the contract did not so provide, nor provide for a forfeiture in the event of a failure to comply

therewith—the plaintiff saw fit not to then file a replication to the legal conclusion contained in the defendant's plea of the effect of the Tennessee decisions, or to plead the fact, to be disclosed by the evidence, that the contract contained no clause providing for a forfeiture for failure to make claim for the loss within fifteen (15) months after the termination of the contract of suretyship, or clause making the filing of the claim within that time a condition precedent to liability, but demurred to the plea and assigned the following grounds:

"1—The construction and validity of the provision in the contract requiring that any claim thereunder must be duly made upon the defendant, the surety, within fifteen (15) months after the termination of the suretyship for the defaulting employee is not determined by the laws of the state of Tennessee but is determined by the laws of the state of Mississippi.

"2—The statutes of limitations of the state where the suit is brought is the statute of limitations which governs the time within which actions may be brought, and the provision in the contract requiring that any claim thereunder must be duly made upon the defendant, the surety within fifteen (15) months after the termination of the suretyship for the defaulting employee is in violation of section 2294 of the Mississippi Code of 1930 (section 2491 of Hemingway's 1917 Code of Mississippi), and in violation of the public policy of the state of Mississippi, and the courts of this state are not required to give full faith and credit to said provision under and in accordance with the requirements of article 4, section 1; article 1, section 10 and section 1 of the Fourteenth Amendment of the Constitution of the United States as contended in defendant's said plea."

The Circuit Court of Bolivar County having sustained this demurrer, the defendant Indemnity Company declined to plead further, and the judgment was thereupon rendered against it for the alleged defalcations of the plaintiff's employee, Harris, in the sum hereinbefore men-

tioned. On the appeal here, as reported in 169 Miss. 196, 150 So. 205, supra, the Court affirmed the judgment of the Circuit Court, on the ground that section 5131 of the Mississippi Code of 1930, defining insurance, rendered the fidelity bond sued on a contract of insurance, and solvable under the laws of this state, though made in Tennessee, since the statute provides that, ''All contracts of insurance on property, lives or interests in this state shall be deemed to be made therein;'' and, further, that in view of the fact that section 2292 of said Code provides that, ''All actions for which no other period of limitation is prescribed shall be commenced within six years next after the cause of such action accrued, and not after,'' and section 2294 thereof renders null and void any change in this limitation by contract between the parties, the plea constituted no defense to the suit. In so holding that these statutes rendered the contract solvable under the laws of Mississippi instead of Tennessee, our Court was adhering to its former decisions in that regard, whereby the Court, as observed in the opinion referred to, had committed itself to the proposition that a contract of insurance on an interest in this state, although the contract be made in another state, was to be determined by the laws of our own state; and cited in support thereof the cases of Fidelity Mutual Ins. Co. v. Miazza, 93 Miss. 18, 46 So. 817, 136 Am. St. Rep. 534; Stuyvesant Ins. Co. v. Smith Motor Sales Co., 135 Miss. 585, 99 So. 575, which so held. Hence, the appellee was entitled to assume on that appeal that the only question presented to the Court here for decision on the declaration, plea, and demurrer was whether these Mississippi statutes and decisions would govern the rights of the parties to the contract of suretyship sued on, or whether they were to be governed by laws of Tennessee, since the limitation in controversy would be unenforceable under the statutes and decisions of the state of Mississippi, if applicable, without regard to whether or not the limitation constituted a condition precedent to liability under the laws of Tennessee. Nei-

ther do the briefs, as officially reported in the case on the former appeal, 169 Miss. 196, 150 So. 205, supra, show that the contention was made therein that the provision in the bond, requiring any claim thereunder to be duly made upon the surety within fifteen (15) months after the termination of the suretyship for the defaulting employee, was a condition precedent to liability under the laws of Tennessee; nor is there a Tennessee case cited in the briefs. The only decisions of that Court referred to at all are those listed in the appellant's plea, and they do not sustain the affirmative of that proposition, as will be hereinafter shown. In other words, the sole question presented by the plea and demurrer, and argued in the briefs at that time was the question of whether or not the laws of Mississippi could be integrated into this Tennessee contract. This was the issue presented by the declaration, plea and demurrer, and no other question was properly before the Court for decision.

From that decision the case was appealed to the Supreme Court of the United States, and the sole grounds of error assigned were:

"The Supreme Court of Mississippi erred in holding that under section 5131 of the Mississippi Code of 1930 the bond or policy of insurance sued upon, made and to be performed in Tennessee, was to have been deemed to have been made in Mississippi and solvable under the laws of Mississippi because upon an interest in Mississippi, and therefore under section 2294, Mississippi Code of 1930, the provision of said bond of policy that claim thereunder must be made upon the surety within fifteen months after termination of the suretyship, valid under the Laws of Tennessee, was null and void because in conflict with the limitation on actions upon such contracts prescribed by the laws of Mississippi, in that said statutes in such construction and application were made repugnant to Article IV, Section 1 and Section 1 of the 14th Amendment to the Constitution of the United States.

2. "The Supreme Court of Mississippi erred in hold-

ing that the bond or policy sued upon was upon an interest in the state of Mississippi."

The Supreme Court of the United States thereupon reversed the decision of this Court, and remanded the cause for further proceedings not inconsistent with its opinion. Hartford Accident & Indemnity Co. v. Delta & Pine Land Co., 292 U. S. 143, 54 S. Ct. 634, 78 L. Ed. 1178, 92 A. L. R. 928. Upon such remand the Supreme Court of this state remanded the case to the Circuit Court of Bolivar County, without any further opinion.

The question at issue before the United States Supreme Court is clearly indicated in the syllabi of the case, as being a federal question only. Sec. 292 U. S. 143, 54 S. Ct. 634, 78 L. Ed. 1178, 92 A. L. R. 928, as follows:

"A state may, without violating the due process clause, limit or prohibit the making of certain contracts within its own territory; but cannot extend the effect of its laws beyond its borders so as to destroy or impair the right of citizens of other states to make a contract not operative within its jurisdiction, and lawful where made.

"2. A state may not, in an action based upon a contract lawful where made and operative, enlarge the obligations of the parties to accord with every local statutory policy solely upon the ground that one of the parties is its own citizen.

"3. A state may not, without violating the due process clause of the Federal Constitution, apply to an employee's fidelity insurance contract, entered into in another state, its own statute annulling any contractual limitation of the time for giving notice of claim, although the default occurred after the removal of the insured and his defaulting employee to the state in which the action is brought."

Moreover, the jurisdiction of that court was necessarily confined to the federal question presented by the appeal, that is to say, whether the Supreme Court of Mississippi had erred in holding that the Mississippi statutes referred to, instead of the laws of Tennessee, should govern this contract made in Tennessee. Judicial Code, sec. 237, as

amended, 28 U. S. C. A. sec. 344, Simkins' Federal Practice (3 Ed.), section 953, page 283, Brinkerhoff, etc., Co. v. Hill, 281 U. S. 673, 680, 50 S. Ct. 451, 74 L. Ed. 1107, 1113. Most assuredly, the issue of whether a provision in a contract of indemnity requiring a claim of loss to be made within a specified time, was a condition precedent to liability could not be deemed a federal question. Having determined that the bond sued on was a Tennessee contract by virtue of having been executed and delivered in that state, and was not changed into a Mississippi contract by virtue of our statutes and decisions because of the fact that the defalcations occurred here where the services of the employee were being rendered, and that therefore the laws of Tennessee should have been applied by the state court in determining the effect of the provision of the contract, the non-compliance with which was set up in the plea of the indemnity company as a defense, it is to be assumed that the Supreme Court of the United States in so holding and in remanding the case for further proceedings had in contemplation that the plaintiff in the trial court would be required to reply to the plea, since its demurrer thereto had been held to be without merit, and that both the trial court and this Court would then be called on for the first time to construe and apply the laws of Tennessee in deciding whether a compliance with the provision set forth in the plea constitutes a condition precedent to liability.

It is true that this Court on the former appeal, 169 Miss. 196, 150 So. 205, 206, supra, when the appellee therein was relying solely on the issue raised by its demurrer, the grounds of which are hereinbefore fully set forth, erroneously assumed and stated that: "It is to be conceded that under the adjudicated decisions of the Supreme Court of Tennessee, cited in the plea, the provision for notice of fifteen months is a limitation of liability and not a limitation of action;" and that the Supreme Court of the United States, 292 U. S. 143, 54 S. Ct. 634, 78 L. Ed. 1178, 92 A. L. R. 928, supra, seemed to have been thereby

caused to make the same assumption, without either court having discussed in their respective opinions the Tennessee decisions mentioned in the plea, and where the only issue raised by the plea and demurrer, or argued in the briefs, was the federal question of whether the law of Mississippi or that of Tennessee should govern the rights of the litigants. In other words, the demurrer, as appears from the grounds assigned therein, raised the sole question of whether or not the Tennessee decisions had any application, and did not present the question of the interpretation of the meaning and effect of those decisions. The demurrant was entitled to have determined the question of whether the laws of Tennessee should be applied before being required to argue what effect should be given to the laws of that state when applied. The appellant Indemnity Company recognized that the sole issue presented to the state Court on the former appeal was whether the Mississippi statutes and decisions could be integrated into what, according to its contention, was a Tennessee contract, as shown by its brief, 169 Miss. on pages 197 and 198, 150 So. 205 of the reported case on the former appeal.

It was held in the recent case of McGoldrick, Comptroller of the City of New York, v. Compagnie Generale Transatlantique, 60 S. Ct. 670, 672, 84 L. Ed. 849, decided by the Supreme Court of the United States on March 25, 1940, that: "It is also the settled practice of this court, in the exercise of its appellate jurisdiction, that it is only in exceptional cases, and then only in cases coming from the federal courts, that it considers questions urged by a petitioner or appellant not pressed or passed upon in the courts below. Blair v. Oesterlein Co., 275 U. S. 220, 225, 48 S. Ct. 87, 88, 72 L. Ed. 249; Duignan v. United States, 274 U. S. 195, 200, 47 S. Ct. 566, 568, 71 L. Ed. 996." And, in the course of its opinion, the Court further stated: "In the exercise of our appellate jurisdiction to review the action of state courts we should hold ourselves free to set aside or revise their determinations only

so far as they are erroneous and error is not to be predicated upon their failure to decide questions not presented.'' The question of whether or not the requirement of the bond in controversy was a condition precedent to liability, under the Tennessee decisions, not having been presented by the demurrer, or argued in the briefs on the former appeal, should not be deemed to have been decided by the state Court when it affirmed the judgment of the trial court in sustaining the demurrer; but rather that the Court merely assumed that the proposition was to be conceded in the absence of an argument by the appellee to the contrary—an argument which the appellee was not required to make until after the federal question presented by the demurrer should have been first disposed of adversely to its contention, since a favorable decision in all the courts sustaining the demurrer would have rendered immaterial the decisions of the Tennessee Court on the question of whether the provisions of the bond involved was a condition precedent under the laws of that state.

The ultimate decision reached having been adverse to the contention of the appellee on the federal question involved, he was then required for the first time to reply in the trial court to the plea which invoked the limitation of fifteen (15) months within which the claim for loss was to be filed, by pleading as an affirmative defense thereto that the limitation was neither made a condition precedent to liability by the terms of the contract, nor was there a forfeiture provided for in the bond, in event of failure to comply therewith.

The pertinent provisions of the fidelity bond in question are fully set forth in the opinion of this Court on the former appeal, 169 Miss. 196, 150 So. 205, supra, reference to which is here made to avoid the necessity of again reciting the same in detail; and from which it will be observed that the only conditions precedent to liability is that a loss be sustained, that the claim and proof of loss be filed with the home office of the Indemnity Com-

pany, and that the suit be filed within twelve months (12) after the making of the claim, and the filing of the proof of loss. These conditions were all duly complied with, and the failure to comply with the condition requiring the *claim* to be made within the fifteen months prescribed, only served to postpone the time for bringing the suit, and did not forfeit the right to recover a loss, provided the claim and proof of loss were submitted before the suit was filed, since a compliance with the latter provision was neither made a condition precedent to liability by the terms of the contract, nor was a forfeiture provided for therein for failure so to do, and one of which provisions must be either expressed or clearly implied from the terms employed, according to the decisions of the Supreme Court of Tennessee, in order to make a failure to comply with such a provision a condition of liability. Continental Fire Ins. Co. v. Whitaker, 112 Tenn. 151, 79 S. W. 119, 64 L. R. A. 451, 105 Am. St. Rep. 916; Johnson v. Scottish Union Ins. Co., 160 Tenn. 152, 22 S. W. (2d) 362; Smithart v. John Hancock Mutual Life Ins. Co., 167 Tenn. 513, 71 S. W. (2d) 1059; City of Bristol v. Bostwick et al., 146 Tenn. 205, 240 S. W. 779; Guthrie v. Conn. Indem. Ass'n, 101 Tenn. 643, 49 S. W. 829; Phoenix Cotton Co. v. Royal Indem. Co., 140 Tenn. 438, 205 S. W. 128; Blackman v. United States Casualty Co., 117 Tenn. 578, 103 S. W. 784. It is true that these cases hold that such a provision is legal and valid. However, the question here is not whether it is lawful, but what is its effect under the Tennessee decisions when given validity.

The same rule applies under the Mississippi decisions; Fidelity & Depos. Co. v. Merchants' & Marine Bank, 169 Miss. 755, 151 So. 373, 154 So. 260; American Nat. Ins. Co. v. Waters, 133 Miss. 28, 96 So. 739; Employers' Liability Assur. Corp. v. Jones Co. Lbr. Co., 111 Miss. 759, 72 So. 152; and under a decision of the Supreme Court of appellant's domicile, Elberton Cotton Mills v. Indemnity Ins. Co., 108 Conn. 707, 145 A. 33, 62 A. L. R. 926; also, 5 Joyce on Insurance, sections 3282, 3283, and (2 Ed.), 548, 33 C.

J. 14, section 661, 14 R. C. L. 1327, section 501, Cooley's Briefs on Insurance (2 Ed.), vol. 7, section 1338 (a).

In the case of Continental Fire Ins. Co. v. Whitaker, 112 Tenn. 151, 79 S. W. 119, 122, 64 A. L. R. 451, 105 Am. St. Rep. 916, the suit was against a fire insurance company for a fire loss. The policy provided, among other things, that: " 'If fire occur the insured shall . . . within sixty days after the fire, unless such time is extended in writing,' make proofs of loss. . . . 'No suit or action on this policy for the recovery of any claim, shall be sustainable . . . until after full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months after the fire.' " The Court said:

"No forfeiture is provided for in the policy for failure to furnish the proofs of loss within 60 days next after the fire, although there are many other acts referred to in the policy, and omissions also referred to therein, for which forfeitures are provided.

"In the present case the proofs of loss were furnished within 69 days after the fire, but not within 60 days. The suit was not brought until the expiration of 60 days from the filing of the proofs of loss, and it was brought within 12 months after the fire.

"The rule laid down in Joyce on Insurance applicable to this state of facts is as follows: 'If a policy of insurance provides that notice and proofs of loss are to be furnished within a certain time after loss has occurred, but does not impose a forfeiture for failure to furnish them within the time prescribed, and does impose forfeiture for a failure to comply with other provisions of the contract, the insured may, it is held, maintain an action, though he does not furnish proofs within the time designated, provided he does furnish them at some other time prior to commencing the action upon the policy. And this has been held to be true even though the policy provide that no action can be maintained until after a full compliance with all the requirements thereof.' "

The Whitaker case is directly in point. To the same effect is the case of Johnson v. Scottish Union Ins. Co., 160 Tenn. 152, 22 S. W. (2d) 362, decided on December 23, 1929. The other Tennessee cases hereinbefore mentioned either expressly made compliance with the provisions in question a condition precedent to liability, or provided for a forfeiture on failure to comply with the same. And in the case of Blackman v. United States Casualty Co., 117 Tenn. 578, 103 S. W. 784, 785 (relied on by the Indemnity Company in the case at bar), the policy not only made compliance with the provision in question a condition precedent, but further provided that "failure of the insured to comply with any provision or condition herein shall forfeit all rights to indemnity."

Under all of the Tennessee decisions referred to in any of the briefs of counsel, the failure to comply with similar requirements had not been held to defeat liability unless compliance therewith is made a condition precedent thereto, or unless a forfeiture is provided for.

This rule is recognized in 33 C. J. 14, section 661, where it is stated: "If giving notice and furnishing proofs in such time are made conditions precedent to liability on the part of the company, or if a forfeiture is provided for if they are not given in the time fixed, notice and proofs must be given as and when specified in the policy or no recovery may be had, and additional proofs furnished long after the time required by the policy cannot be considered. The courts, however, are reluctant to construe provisions requiring notice and proofs of loss as in the nature of forfeitures, and, where the serving of notice or proofs within the specified time is not expressly made a condition precedent to recovery, and no forfeiture is provided for in case of default in service, notwithstanding forfeitures are stipulated for in case of breach of other requirements of the policy, the failure to serve notice or proofs merely postpones the time of payment and the time for bringing suit, and, if notice and proofs are subsequently served, insured or the insurance claimant

may recover on the policy notwithstanding his delay, provided of course the time for suing on the policy has not expired.''

See, also, 14 R. C. L., section 501, page 1327, where it is stated: ''On the other hand many courts take the position that the requirements in a standard insurance policy that the insured shall give notice and make proof of loss within a certain time are conditions precedent to the right to sue, but failure to comply with such requirements within the time stipulated does not avoid the policy or work a forfeiture in the absence of a stipulation in the policy to that effect. Such failure merely postpones the day of payment, *provided notice is given and proof of loss is made within such time as will enable the insured to bring his suit within the time limited by the policy.* Especially is this true under a policy which requires notice to be given within a specified time but does not expressly provide that a failure to give such notice shall invalidate all claims under the policy, or where notice was in good faith given a broker through whom the policy was procured and the insurer suffers no loss through a delay due to the broker's mistake. Though a forfeiture is not involved by failing to furnish proofs within the time stipulated they must be furnished within a reasonable time or no recovery can be had.''

In Cooley's Briefs on Insurance (2 Ed.), vol. 7, page 5770, it is stated: ''The weight of authority, however, seems to support the rule that neither a provision that the loss shall not be payable until after the stipulated proofs have been furnished, nor, the provision that no action shall be maintainable until after such compliance with the policy, will render the furnishing of proofs within the stipulated time a condition precedent. Rather do such provisions, by their phraseology, indicate an intention that the payment of loss shall be merely postponed until the proofs are furnished . . . It would seem to follow, as a necessary corollary from the doctrine that delay beyond a stipulated time will only postpone the liability

of the company or the enforcement of the claim, that it will be sufficient in such cases that the proofs are given before the bringing of the action.''

The case of Continental Fire Ins. Co. v. Whitaker, Tenn., supra, is cited as supporting that text.

In Couch's Ency. of Ins. Law, vol. 7, section 1538 (a), it is said: ''Nor will a clause providing for a forfeiture for failure to furnish proofs within a specified time be read into a contract, although the policy, in another place, provided that no action shall be brought until after 'full compliance by the insured with all of the foregoing requirements.' In fact, when there is no express forfeiture provision in the policy, the failure to make proof in the time required thereby merely postpones the time of bringing the suit.''

The three Tennessee cases cited by the Indemnity Company in the case at bar in its plea that the failure to present the claim within fifteen months of the termination of the suretyship for the defaulting employee defeated liability, are: Guthrie v. Indemnity Ass'n, 101 Tenn. 643, 49 S. W. 829; Phoenix Cotton Oil Co. v. Royal Indemnity Co., 140 Tenn. 438, 205 S. W. 128; and City of Bristol v. Bostwick, 146 Tenn. 205, 240 S. W. 774.

In the Guthrie case the contract of insurance provided [101 Tenn. 643, 49 S. W. 830]: ''It is expressly understood and agreed that no action shall be maintained nor recovery had for any claim upon or by virtue of this policy after the lapse of one year from the death of said insured, and, if said suit or proceedings for such recovery be not commenced within one year from the date of the death of said insured, it shall be deemed a waiver on the part of all parties concerned of all rights or claims under or by virtue of this policy, and as conclusive evidence against the validity of such claim; and this policy shall be null and void and of no effect, and no person shall be entitled to damages, or the recovery of any money paid thereon.''

The contract now before us contains a provision: ''No suit, action or proceeding shall be brought by the em-

ployer against the surety after the expiration of twelve months after the filing of the proof of loss as above required.''

Had this provision not been complied with, the decision in the Guthrie case would preclude a recovery by appellee. But that case has no application here, because the appellee complied with that precedent condition.

In the Phoenix Cotton Oil case, supra, the opinion of the Tennessee Court states [140 Tenn. 438, 205 S. W. 129] : ''But [the contract of insurance] made it a condition precedent of such liability that the former should 'upon the occurrence of any accident covered by this policy give immediate written notice thereof to the company.' '' Then the opinion further states that, ''By its express terms the giving of immediate notice was made a condition precedent to the right of recovery.''

In the case of City of Bristol v. Bostwick, supra, the provisions of the policy are not given. Therefore, these three cases are not in conflict with the other decisions of the Tennessee Court, such as the cases of Continental Insurance Co. v. Whitaker, 112 Tenn. 151, 79 S. W. 119, 64 L. R. A. 451, 105 Am. St. Rep. 916, and Johnson v. Scottish Union Ins. Co., 160 Tenn. 152, 22 S. W. (2d) 362, hereinbefore discussed, nor with the views of the text writers and the decisions of other courts, including this Court, as reflected in the cases of Fidelity & Deposit Co. v. Merchants' & Marine Bank, 169 Miss. 755, 151 So. 373, 154 So. 260; American Nat. Ins. Co. v. Waters, 133 Miss. 28, 96 So. 739; and Employers' Liability Assur. Corp. v. Jones Co. Lbr. Co., 111 Miss. 759, 72 So. 152, hereinbefore cited.

The Supreme Court of the United States having held that the law of Tennessee, and not that of Mississippi, governs the rights of the parties, the appellant takes the position that what was said in the opinion of the Supreme Court of the United States on a point which we think was not raised by the demurrer then before the Court, ''Is the law of the case and binding upon this Court, right or

wrong;" notwithstanding the fact that neither the State Supreme Court nor the United States Supreme Court on the former appeal had occasion to consider other than the federal question raised by the demurrer as to whether our statutes, sections 2294 and 5131 of the Code of 1930, should be integrated into a contract made in Tennessee, or whether the Tennessee decisions should control. When it was held that the law of Tennessee applies, it follows that it then became the province of the Circuit Court of Bolivar county, Mississippi, and of this Court, to determine what the law of Tennessee is as applied to the contract in question; and that for this purpose the case was remanded for further proceedings.

Finally, the Indemnity Company says that under a very recent case, Massachusetts Mutual Life Ins. Co. v. England, 171 Tenn. 104, 100 S. W. (2d) 982, 983, the Court has held that: "Proofs of claim is a condition precedent to bringing suit. 33 C. J. 74. And this is true even though it is not expressly provided in the policy that furnishing such proofs is a condition precedent to suit, or that failure to submit proofs shall operate as a forfeiture of benefits." We observe, however, that the Court only held that the right *to bring a suit* is postponed until the proof of loss is furnished whenever such proof is required and is not waived. That case is in line with the other authorities hereinbefore quoted from. But in the case at bar the proofs of loss required by the bond were furnished, before *the suit was filed,* and the suit was filed within twelve months thereafter, as required by the bond sued on. Hence, the question decided in the case last above mentioned is not here involved. There is obviously a vital distinction between a postponement of the right to bring suit and being denied the right to recover at all, because the proofs of loss were filed late.

From the foregoing views, it follows that we are of the opinion that the appellee is not precluded either by the law of the case or the decisions of the Supreme Court of

Tennessee from a recovery of the loss sued for, and that the judgment of the court below should be affirmed.

Affirmed.

**Ethridge, J.,** delivered a dissenting opinion.

The general statement of the case is contained in Hartford Accident & Indemnity Company v. Delta & Pine Land Company, 169 Miss. 196, 150 So. 205, Miss., 188 So. 539, and in 292 U. S. 143, 54 S. Ct. 634, 78 L. Ed. 1178, 92 A. L. R. 928. The case as originally decided in these former hearings, except as reported in 188 So. 539, proceeded to hearing on a demurrer challenging a sufficiency of the appellant's plea, setting up that the case was controlled by the Laws of Tennessee, and that under the laws of that state the giving of the notice within the fifteen months was a condition precedent to liability on the policy. A demurrer raised the legal sufficiency of the declaration, and the full contest over what law controlled and what the effect of the law of Tennessee was, if it controlled, was presented there for decision. Our Court held that the demurrer to the defendant's plea was good, but based its holding upon the opinion that the Mississippi Law controlled rather than the Tennessee Law. This issue as to which law controlled and the effect in law of the plea in defense of the action was necessarily before the Court for a decision, and the decision was announced in plain terms that if the Tennessee Law controlled, the plea presented a defense. The briefs in the case were addressed largely to the question of which law applied, and it did not dispute the proposition that if the Laws of Tennessee controlled, the plea presented a complete defense. This is clear from the following language used in 169 Miss. 196, 150 So. 205, 206, in deciding the case: "It is to be conceded that under the adjudicated decisions of the Supreme Court of Tennessee, cited in the plea, the provision for notice of fifteen months is a limitation of liability and not a limitation of action. The

converse is true in Mississippi, and the provision is a limitation of the action in this case; our statute of limitation being for six years. Section 2292, Code 1930; Sovereign Camp, W. O. W., v. Miller, 125 Miss. 502, 87 So. 892; Standard Accident Insurance Co. v. Broom, 111 Miss. 409, 71 So. 653 [and other cases]. The cases of Berry v. Lamar Life Ins. Co., 165 Miss. 405, 142 So. 445, 145 So. 887, and New York Life Ins. Co. v. Alexander, 122 Miss. 813, 85 So. 93, 15 A. L. R. 314, are clearly differentiated from the others cited above, and in the case of Berry v. Lamar Life Ins. Co., supra, it is pointed out that the limitation there under review was a condition precedent to the liability imposed upon the insurance company, and not a limitation upon the time in which the action should be brought.''

On the appeal from this Court to the U. S. Supreme Court, the matter was also before that Court for decision upon the sufficiency of the demurrer to answer the plea of the defendant. If the plea presented no defense, and if the Laws of Mississippi and Tennessee lead to the same result, the case should not have been reversed, but the decision should have pointed out that the theory under which the Mississippi Supreme Court proceeded was erroneous but that its judgment was correct because the result would be the same—applying either law. It was the duty of the Delta & Pine Land Company, on the hearing of the first appeal in the Supreme Court of this State, to point out that the Laws of Tennessee, properly understood, would lead to the same result, and that consequently the judgment of the Court should have been affirmed because it would be immaterial as to what reason the court below in its holding sustained the demurrer to the plea of the defendant. It was also its duty to point this out to the U. S. Supreme Court because a litigant should not be permitted to argue one ground of demurrer without arguing other grounds or reasons at the same time. In other words, it should not protract litigation by presenting one ground on one appeal and reserve other

grounds for argument on a second appeal. When the U. S. Supreme Court reversed and remanded the case to this Court for further proceeding, not inconsistent with its opinion, it was then the duty of the Delta & Pine Land Company to present to this Court for decision at that time its present contention that the Laws of Tennessee, if applied, would lead to the same result, but it failed so to do and permitted a remand to the court below without raising this contention, acquiescing up to this time in the contention of the Hartford Accident & Indemnity Company that the Laws of Tennessee, if applied, presented a complete defense to the suit. It, on the remand, again contended that the Mississippi Laws still applied on another theory set forth in its first three replications to the defendant's plea. Its first three replications were filed on October 4, 1934, whereas, the fourth, so called, replication was filed March 23, 1938, during the progress of the trial of the case. This fourth replication is not in fact a legal replication at all, but is a mere legal conclusion filed as a plea, without any facts upon which issue could be properly taken which would constitute an issue of fact rather than an issue of law. The plea reads, as follows: ''And for another and further replication, leave to file which having been first obtained, plaintiff says that the contract of suretyship herein sued upon did not make it a condition precedent to liability on the part of the defendant that any claim thereunder must be duly made upon the defendant, the surety, within fifteen months after the termination of the suretyship for the defaulting employee, and said contract of suretyship did not provide that the same should be forfeited in the event said claim should not be made upon the defendant, the surety, within said period of time, and therefore plaintiff should not be precluded from having and maintaining said suit herein.''

The contract upon which the declaration was founded contained all of the stipulations with reference to the notice to be given of default within fifteen months after

the termination of the policy of indemnity or insurance. A legal effect of the contract, of course, was presented for decision in the plea to the declaration, and the demurrer to the plea of the defendant and the fourth so called replication at most could only be given the effect of a demurrer to the plea of the defendant. It presents nothing new. The issue it undertakes to present now was squarely on the face of the record when the demurrer to the plea of the defendant was originally filed and sustained. It seems to me to be an intolerable condition to allow a demurrer to a plea to be dealt with as to the sufficiency of the plea by piecemeal. The whole question presented by the demurrer and the plea should have been presented on the former hearing. Furthermore, I think that the U. S. Supreme Court, in its decision, supra, considered the Laws of Tennessee applied to and controlled the policy stipulations. The Court, in discussing the case, at page 149 of 292 U. S., at page 636 of 54 S. Ct., at page 1181 of 78 L. Ed., 92 A. L. R. 928, said:

"A state may limit or prohibit the making of certain contracts within its own territory (Hooper v. California, 155 U. S. 648, 15 S. Ct. 207, 39 L. Ed. 297 [5 Inters. Com. Rep. 610] Orient Ins. Co. v. Daggs, 172 U. S. 557, 565, 566, 19 S. Ct. 281, 43 L. Ed. 552 [555, 556]; New York L. Ins. Co. v. Cravens, 178 U. S. 389, 398, 399, 20 S. Ct. 962, 44 L. Ed. 1116 [1123, 1124]); but it cannot extend the effect of its laws beyond its borders so as to destroy or impair the right of citizens of other states to make a contract not operative within its jurisdiction, and lawful where made (New York L. Ins. Co. v. Head, 234 U. S. 149, 34 S. Ct. 879, 58 L. Ed. 1259; Aetna L. Ins. Co. v. Dunken, 266 U. S. 389, 399, 45 S. Ct. 129, 69 L. Ed. 342 [349]). Nor may it in an action based upon such a contract enlarge the obligations of the parties to accord with every local statutory policy solely upon the ground that one of the parties is its own citizen. Home Ins. Co. v. Dick, 281 U. S. 397, 407, 408, 50 S. Ct. 338, 74 L. Ed. 926 [933, 934], 74 A. L. R. 701.

"It is urged, however, that in this case the interest insured was in Mississippi when the obligation to indemnify the appellee matured, and it was appellant's duty to make payment there; and these facts justify the state in enlarging the appellant's obligation beyond that stipulated in the bond, to accord with local public policy. The liability was for the payment of money only, and was conditioned upon three events, loss under the policy, notice to the appellant at its home office, and presentation of claim within fifteen months of the termination of the suretyship. All of these conditions were of substantial importance, all were lawful in Tennessee, and all go to the obligation of the contract. It is true the bond contemplated that the employee whose faithfulness was guaranteed might be in any state. He was in fact in Mississippi at the date of loss, as were both obligor and obligee. The contract being a Tennessee contract and lawful in that state, could Mississippi, without deprivation of due process, enlarge the appellant's obligations by reason of the state's alleged interest in the transaction? We think not. . . ."

It is perfectly clear from this language that the U. S. Supreme Court addressed its mind to the contract and determined that it was controlled by the Laws of Tennessee, that it was lawful in Tennessee; and that the controlling stipulation, with reference to the giving of the notice within fifteen months after the termination of the suretyship guaranteeing the fidelity of the employee were of substantial importance under the Laws of Tennessee. The parties presented their contention to the Supreme Court of the United States, as it did to the Supreme Court of this State, upon the theory that if the Tennessee Laws controlled, the plea of the defendant presented a complete defense to the action. Therefore the decisions of the U. S. Supreme Court and our Court constitutes the law of the case and should be applied regardless of whether it was technically correct or not, because, when the Court has once heard parties in the

same cause of action, and solemnly decided the controversy, it should not, without the gravest necessity, change the rule announced in a former decision. It is true that neither the Laws of the United States nor of Mississippi deprive the Court of the power to change its decisions if it is fundamentally wrong and results in great mischief, but it will not ordinarily reexamine what has once been solemnly decided. See Brewer et al. v. Browning et al., 115 Miss. 358, 76 So. 267, L. R. A. 1918F, 1185, Ann. Cas. 1918B, 1013, so holding; and suggestion of error overruled in Id., 115 Miss. 358, 70 So. 519, L. R. A. 1918F, 1185, Ann. Cas. 1918B, 1013; and Mutual Life Insurance Company of New York v. Hill, 193 U. S. 551, 24 S. Ct. 538, 48 L. Ed. 788. The doctrine of the law of the case is not treated as a limit on the powers of the Court to overrule a former decision in the same case, but that as a matter of practice and policy, it will not ordinarily do so. See Remington v. Central Pacific Railroad Company, 198 U. S. 95, 25 S. Ct. 577, 49 L. Ed. 959; also, 22 Harvard Law Review 438; 34 L. R. A. 321; Ann. Cas. 1918B, 1013.

I therefore think that the law of the case should be applied and judgment of the court below reversed and dismissed. However, the Laws of Tennessee, properly understood, in my opinion, make the failure to give notice under the contract within the stipulated time after the termination of the policy a complete defense to an action brought thereafter; where, as in the present case, there is no contrary provision in the stipulations of the policy calling for specific provisions or making the specific provision by a contract that failure to give one notice would forfeit, and a failure to give notice under another provision of the same policy no stipulation of forfeiture was stipulated. The decisions in Guthrie v. Indemnity Association, 101 Tenn. 643, 49 S. W. 829; Phoenix Cotton Oil Company v. Royal Indemnity Company, 140 Tenn. 438, 205 S. W. 128; City of Bristol et al. v. Bostwick et al., 146 Tenn. 205, 240 S. W. 774, hold that such conditions or limitations in such contracts are valid and binding, and

the said contract of suretyship contained in the present insurance contract makes the giving of the notice within fifteen months a condition precedent to liability. The policy here involved had its own provision about the time within which suit should be brought after notice was given; and that, of course, is a contract limitation on the time in which suit may be brought. The provision for giving the notice of the default within fifteen months from the termination of the employment, the fidelity of which was insured by the contract, is a contract limitation on liability, and is founded in good reason, and is lawful in Tennessee. It is stated in the case of Massachusetts Mutual Life Insurance Company v. England, 171 Tenn. 104, 100 S. W. (2d) 982, 983, decided in 1937, that the furnishing of such information is a condition precedent to liability. The object and purpose of the two provisions in the present contract are different, and were embraced in the policy for different purposes. The object of the giving of the notice of the default within fifteen months of termination of the insurance contract was to enable the insurance company to have the opportunity to make an investigation while the facts were obtainable and to take appropriate action to protect its interest, and to recover from the employee insured, if possible, the amount it would lose by its fidelity policy. It is said in the case of Massachusetts Mut. Life Ins. Company v. England, supra:

" 'The object of the notice is to acquaint the company with the occurrence of the loss, so that it may make proper investigation and take such action as may be necessary to protect its interests.' 33 C. J. 16.

" 'The object of the proofs is to furnish the company with the particulars of the loss and all data necessary to determine its liability and the amount thereof.' 33 C. J. 17.

"With hundreds of claims coming in daily, a large insurance company would have a considerable portion of its income expended in court costs and attorney's fees

if a claimant could institute suit against it without giving it an opportunity to investigate and determine its liability, and the parties have contracted that the insurer shall have such privilege before suit is begun.''

The apparent conflict in the decisions of the Supreme Court of Tennessee is due to the difference in verbiage of contracts. In some of the cases, a contract of insurance specifically declared a forfeiture and non-liability if proof was not furnished within the time specified in such provision; while in other conditions in the same policy, there was no such stipulation of forfeiture for non-compliance. Of course, where a policy contains such provisions with different verbiage, it would be held, as was held in Tennessee, that, stipulating forfeiture in a particular provision while not stipulating forfeiture in a similar provision or condition, it was not the intention of the parties to forfeit for non-compliance in conditions where no provision for forfeiture was contained in the policy. The Court also said, in the case of Massachusetts Mut. Life Ins. Company v. England, supra, that the furnishing of such proof is a condition precedent. In some of them a condition precedent to bringing suit, in others a condition precedent to liability. When the language of the contract here involved is set down, it is manifest that it was the intention of the policy to require the notice of the default within the period stipulated, as a condition precedent to liability, and not as a condition for bringing suit. The purpose of such a provision plainly is that the insurance company may have an opportunity to investigate promptly the facts while they are obtainable and while witnesses are available. It is a reasonable stipulation—conducive to fair dealing—and is not prohibited by any Statute of Tennessee.

I do not deem it necessary to take up and analyze the various cases cited in the majority opinion, for, in my opinion, when all of them are examined, and the facts distinguished, all are consistent with the theory that the

stipulation for giving notice was a condition precedent to liability. In the case at bar, the facts could have easily been discovered had the books and records of the Delta & Pine Land Company been audited and the vouchers examined in the offices of the company, and at the bank where its deposits were made. I think, therefore, that judgment should be reversed and the suit dismissed.

As said in the headnote of the case of Berry v. Lamar Life Ins. Company, supra, the ''Court will enforce insurance contracts according to their terms, if not prohibited by law or public policy.'' In the opinion, the Court said: ''The life insurance business has become one of the most extensive businesses in the country, and such business depends almost entirely upon contracts. The power to make such contracts as the parties desire to make, when not prohibited by law or public policy, is a fundamental principle of the life insurance business, and is essential to its successful conduct.'' Of course, the same can be said of all kinds of insurance contracts. The State, under its police power, has extensive authority to regulate insurance and insurance contracts and may prohibit certain types of stipulations in policy contracts, but where there is no prohibition, the parties are free to make their own contracts. The liberty of contract is one of the most important and most essential of all the rights of citizenship. Under the law, as it now exists, corporations have the right to make contracts when not prohibited by law; and, the courts are bound by the contract of the parties where the law has not prohibited or regulated them so as to destroy or mitigate certain types of contracts. The courts must enforce the law as they find it and not as the exigencies of particular cases may seem to make desirable from any standpoint of personal conceptions of justice. Courts are not law-makers and have no right to invade the rights of the citizenship except as authorized by law.