CHATTEM, INC., Plaintiff-Appellant,

v.

PROVIDENT LIFE & ACCIDENT INSURANCE COMPANY, Defendant-Appellee.

Supreme Court of Tennessee, at Knoxville.

Sept. 24, 1984.

W. Neil Thomas, III, Michael S. Drews, Chattanooga, for plaintiff-appellant.

T. Maxfield Bahner, John C. Harrison, Chattanooga, for defendant-appellee.

## OPINION

PER CURIAM.

This case involves a claim for disability benefits brought under a policy of group coverage issued by the defendant insurance company to the plaintiff employer providing coverage for plaintiff's employees. The trial court, after hearing the case without a jury, dismissed the plaintiff's claim on the ground that proof of the employee's disability was not furnished to the defendant in a timely manner. The Court of Appeals affirmed. We granted the plaintiff's application for permission to appeal and now reverse.

The following pertinent facts which are not in dispute are accurately recited in the opinion of the Court of Appeals:

"The group policy was issued by the defendant to the plaintiff corporation during the year 1946. Plaintiff elected to terminate the policy effective midnight May 31, 1977. Roy L. Creekmur was an employee of the plaintiff corporation and his active employment ceased when he became totally and permanently disabled on April 22, 1977. The last premium payment made on behalf of all employees of the plaintiff was for the month of May, 1977.

"The policy contained a provision which provided that proof of disability must be filed with the defendant insurance company within one year after termination of active employment. On June 9, 1978, the insurance company received a memorandum dated June 8, 1978, which was attached to the Employers Statement of Proof of Total Disability and which was dated June 6, 1978. After forwarding this document, plaintiff employer later supplied the Attending Physician's Statement by letter dated June 30, 1978, which was received by the insurance company July 5, 1978. There was an additional request for a claimant's statement form to be executed and this was transmitted by letter dated July 7, 1978, by the employer. During August, 1978, the defendant notified plaintiff that it was refusing to waive premiums for the employee, Roy L. Creekmur, and denied coverage of the claim. On November 14, 1978, Mr. Creekmur died.

"Plaintiff employer paid the sum of $10,-000 (the amount of the claim) to the designated beneficiary of its employee and entered into a subrogation agreement with the beneficiary in order that this claim could be asserted against the policy."

The defendant contends that the *timely* furnishing of proof of disability was required by the policy as a condition precedent to recovery. Since proofs were not furnished by the plaintiff within the twelve month period provided by the policy, it insists that the plaintiff has forfeited its right to recover. The plaintiff on the other hand argues that the policy does not require forfeiture when proofs are not timely filed.

Resolution of this issue, however, is unnecessary to the disposition of this case. Whether or not timely filing was a condition precedent to recovery, the undisputed evidence shows that the defendant waived this condition.

■ A waiver is a voluntary relinquishment by a party of a known right. *Baird v. Fidelity-Phenix Fire Ins. Co.*, 178 Tenn. 653, 665, 162 S.W.2d 384 (1942). According to *Baird:*

"[i]t may be proved by express declaration; or by acts and declarations manifesting an intent and purpose not to claim the supposed advantage; or by a course of acts and conduct ...."

An express waiver, defined above, is distinguishable from an implied waiver or equitable estoppel, the essential elements of which are:

"(1) Lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) reliance upon the conduct of the party estopped; and (3) action based thereon of such a character as to change his position prejudicially." *Provident Washington Insurance Company v. Reese*, 213 Tenn. 355, 373 S.W.2d 613, 615 (1964).

During the long period of time the group policy afforded plaintiff's employees coverage and prior to the filing of the Creekmur claim of proof of disability, plaintiff submitted eleven claims for disability and waiver of premiums. Seven of these claims were filed more than twelve months after disability and termination of employment. Yet all seven claims, including two filed three years or more after termination of employment, were accepted by the defendant.

According to the defendant's own undisputed proof, the defendant accepted these claims because of an internal policy of honoring untimely claims if the premium for the relevant employee had been paid within the twelve months preceding the filing of the claim. In a letter denying benefits on the Creekmur claim, the agent for the defendant insurance company based his decision on the fact that plaintiff had ceased paying premiums on Mr. Creekmur more than twelve months before the filing of the proof of disability and claim for benefits. The letter specifically indicates that the defendant did not rely on the time limitation in the group policy.

■ The defendant's course of conduct and its own admissions conclusively estab-

lish that it knowingly and voluntarily waived whatever right it had to require submission of claims or proofs of disability within twelve months of termination of employment as a condition precedent to recovery. The defendant argues that the proof failed to show that the plaintiff relied on the waiver. The actions and admissions of the defendant, however, constitute a strict or express waiver under *Baird.* Proof of reliance, necessary under a theory of equitable estoppel, is here unnecessary.

■ The question remains, however, whether the failure to file the claim within the time period allowed by the more liberal administrative policy of the defendant bars recovery. Both lower courts denied recovery for this reason. The defendant's administrative policy, however, was not a part of the original group insurance policy. Nor is there any indication that the terms of the administrative policy constituted a modification of the insurance contract in lieu of the original time limitations which had been waived. To the contrary, the evidence clearly shows that the defendant did not inform the plaintiff of the existence of the time limitations in the administrative policy until it denied the Creekmur claim. There is no evidence in the record that the plaintiff otherwise was aware of the administrative policy until the claim was denied. We thus find no basis for binding the plaintiff to the time limitations of the administrative policy.

■ The defendant's waiver of the time requirements in the original insurance policy has the same effect as if the requirement was not a condition precedent to recovery. In such a situation, an insured can maintain an action against the insurance company provided that notice is furnished prior to commencing a suit upon the policy. *Continental Fire Ins. Co. v. Whitaker & Dillard,* 112 Tenn. 151, 167, 79 S.W. 119 (1903); *see also, Massachusetts Mut. Life Ins. Co. v. England,* 171 Tenn. 104, 100 S.W.2d 982 (1937) (failure to furnish notice at all as required by the policy bars suit for recovery); *cf. Munal Clinic v. Applegate,* 38 Tenn.App. 280, 273 S.W.2d 712 (Tenn.

App.1954) (where no reasonable ground to believe claim would arise, failure to give notice until suit filed was not unreasonable). In the instant case, the plaintiff complied with this requirement. Accordingly, we hold that the plaintiff is entitled to recover under the group policy.

The judgments of the trial court and the Court of Appeals are reversed. Judgment in the amount of $10,000.00 is entered against the defendant in favor of the plaintiff. Costs of this appeal are taxed to the defendant-appellee.