892 F.2d 1043
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jesse C. HOGAN; and wife, Plaintiffs-Appellants,
v.
ALLSTATE INSURANCE COMPANY, Defendant-Appellee.
 No. 89-5301.
 United States Court of Appeals, Sixth Circuit.
 Jan. 3, 1990.
 
 Before MILBURN and BOGGS, Circuit Judges, and ENGEL,* Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiffs Jesse and Paula Hogan appeal a judgment by the United States District Court for the Eastern District of Tennessee for the defendant Allstate Insurance Co. in this breach of contract action under Tennessee law. On appeal, the Hogans contend that the trial court erred in holding that the auto insurance policy between them and Allstate was void ab initio, and that Allstate had not waived its right to void the policy because of Jesse's misrepresentation in his application for insurance.
 
 
 2
 On February 24, 1988 the Hogans applied for insurance and theft coverage on their car and truck from Allstate through an Allstate agent in Chattanooga. On the driving violations history section of the application form, Jesse reported his DUI conviction in March 1985 but failed to report his reckless driving conviction in April 1986. Upon submitting the application to the agent, the Hogans gave him $263 in cash toward the $1,041.90 yearly premium on both vehicles. The agent immediately submitted the application to Allstate's underwriting department in North Carolina. Approximately three to four hours after the Hogans left the agent's office, their car was stolen. They promptly reported the theft to the police and to Allstate, but the car was never recovered.
 
 
 3
 Unaware of the theft, Allstate's underwriting department in North Carolina processed the Hogans' application. In so doing, the department learned of the unreported reckless driving conviction, which in conjunction with the DUI conviction rendered the Hogans ineligible for coverage by Allstate. On March 15, 1988, still unaware of the theft, the underwriting department sent a letter to the Hogans rejecting their application. The letter also stated that temporary coverage provided while their application was being considered would expire on March 28, 1988, and enclosed a check refunding the difference between the Hogans' initial $263 payment and a premium of $240 for the temporary coverage.
 
 
 4
 Meanwhile, Allstate's claims department in Chattanooga had begun to investigate the Hogans' theft claim. In the course of the investigation, the claims department learned of the unreported reckless driving conviction and sent a letter to the Hogans reserving Allstate's rights. At that time, the claims department was still unaware of the underwriting department's March 15 letter rejecting the Hogans' application but extending limited temporary coverage. Subsequently, in an April 29, 1988 letter to the Hogans, the claims department declared the policy void ab initio because of the misrepresentation and returned the full balance of the Hogans' initial payment.
 
 
 5
 The Hogans subsequently initiated a breach of contract action against Allstate in a Tennessee state court, alleging that Allstate had failed to honor their auto theft claim under their temporary policy. The case was removed to the district court. Following a bench trial, the magistrate concluded that under Tennessee law Allstate was entitled to void the policy ab initio because of Hogan's material misrepresentation in the application. The magistrate also held that the March 15 letter from the underwriting department had not waived Allstate's right to rely on that misrepresentation and that even assuming a waiver, the misrepresentation still voided the insurance policy ab initio.
 
 
 6
 On appeal the Hogans challenge these holdings as contrary to Tennessee law, and argue that the magistrate should have instead awarded them a judgment on their theft claim against Allstate.
 
 
 7
 An insurance company may void an insurance policy on grounds of a misrepresentation in the application if the misrepresentation was made with intent to deceive or increases the risk of loss to the company. Tenn.Code Ann. § 56-7-103. In this case, the magistrate found that Hogan's failure to disclose his reckless driving conviction in his application satisfied the latter criteria. Op. at 8-10. Hogan does not challenge this finding on appeal. Rather, his claim is that in the March 15 letter from its underwriting department, Allstate waived its right to void the policy because of his misrepresentation by instead choosing to cancel the policy and to keep a premium for the period covered.
 
 
 8
 There are two kinds of waiver under Tennessee insurance law. Express waiver is a "voluntary relinquishment by a party of a known right," and "may be proved by express declaration; or by acts and declarations manifesting an intent and purpose not to claim the supposed advantage; or by a course of acts and conduct...." Chattem, Inc. v. Provident Life & Acc. Ins. Co., 676 S.W.2d 953, 955 (Tenn.1984) (quoting Baird v. Fidelity-Phoenix Fire Ins. Co., 178 Tenn. 653, 665, 162 S.W.2d 384 (1942)). An express waiver must be knowing and voluntary. Chattem at 955-56. An implied waiver, which is a form of equitable estoppel, requires that the insured not know and have had no way of knowing the truth as to the facts in question, and have acted in reliance upon the conduct of the insurance company. Chattem at 955. By contrast, reliance is unnecessary to an express waiver. Id. at 956.
 
 
 9
 In the present case, the magistrate found that Allstate's March 15 letter "did not constitute a waiver of its right to rely upon ... [Hogan's] material misrepresentation" in the policy application, presumably in order to void the policy ab initio. Op. at 10-11. This conclusion was based on two findings. First, Allstate's underwriting department did not know of the theft claim when it sent the letter, due to a lack of communication with the claim department. Second, the underwriting department "was endeavoring to comply with the Tennessee law concerning the cancellation of insurance" when it sent the March 15 letter. Op. at 11. The magistrate further held that even assuming arguendo that the letter was a waiver, the policy was still void because of Hogan's misrepresentation. Id. The opinion here cites Lane v. Travelers Indemnity Co., 499 S.W.2d 643 (Tenn.Ct.App.1973).
 
 
 10
 It is evident that the ultimate determination of whether there was an express waiver by the insurer in this case is a mixed question of fact and law. Under the circumstances of this case, we are fully satisfied that the intent of the insurer in the conflicting actions of two of its own departments must be construed against it. Here, with full knowledge of the misrepresentation which entitled it to void the policy entirely, the insurer instead unquestionably elected in the first instance to acknowledge coverage and retain a proportionate part of the premium. The record shows no evidence to explain the claims department's subsequent decision to void the policy because of the misrepresentation other than the department's knowledge that Hogan had already filed a claim. Defendant insurer has shown us no Tennessee law which would permit it to withdraw an express waiver of the right to void under such circumstances and we conclude that it finds no comfort in the decision in Lane, supra. See id. at 648 (insurer who has offered to extend coverage may void policy on the ground of material misrepresentation, but only where the misrepresentation was not discovered until after the offer of extended coverage was made).
 
 
 11
 Accordingly, we find that the magistrate erred in failing to conclude that there was an express waiver of the right to void the policy under the facts before him. The judgment is REVERSED and the case REMANDED to the district court for further proceedings consistent with this opinion.
 
 
 
 *
 Honorable Albert J. Engel assumed senior status effective October 1, 1989