# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### July 9, 2009 Session

## TAMMY TEAL BENNETT v. DAVID ROSS BENNETT

**Appeal from the Circuit Court for Williamson County**
**No. II-01304     Jeffrey S. Bivins, Judge**

---

**No. M2009-00147-COA-R3-CV - Filed November 16, 2009**

---

Wife appeals claiming trial court erred in finding her agreement to a Marital Dissolution Agreement and Parenting Plan was valid and not obtained under duress. Finding that wife later adopted the disputed Marital Dissolution Agreement and Parenting Plan with advice of counsel and without any allegation of duress, we find that wife waived her objection and, alternatively, that any dispute as to the validity of her agreement had been rendered moot by her later adoption of it.

**Tenn. R. App. P. 3 as of Right; Judgment of the Circuit Court Affirmed**

PATRICIA J. COTTRELL, P.J.,M.S., delivered the opinion of the court, in which ANDY D. BENNETT and RICHARD H. DINKINS, JJ., joined.

Thomas F. Bloom, Nashville, Tennessee; Carolyn Kaye Carlisle, Franklin, Tennessee, for the appellant, Tammy Teal Bennett.

Murrey Thomas Taylor, Jr., Franklin, Tennessee, for the appellee, David Ross Bennett.

### OPINION

In this divorce action, Tammy Teal Bennett appeals the trial court's grant of partial summary judgment which found that her agreement to the Marital Dissolution Agreement and Parenting Plan dated June 2006 (collectively referred to as "June 2006 MDA/PP") was not obtained under duress.

Tammy Teal Bennett ("Wife") and David Ross Bennett ("Husband") married in 1993. Wife adopted Husband's two children (born in 1982 and 1984), and two children were born during the marriage in 1995 and 1997 respectively. Wife filed for divorce in May of 2001. The record reflects that between May of 2001 and June of 2006, the parties entered into agreements which were either challenged by Wife or apparently ignored by the parties.

In June of 2006, the parties ostensibly agreed upon and executed the Marital Dissolution Agreement and Parenting Plan that comprise the June 2006 MDA/PP. Almost immediately, in July of 2006, Wife renounced a portion of the June 2006 Agreements. Wife then moved for dismissal of the divorce petition, which the trial court granted in August of 2006. The trial court then set aside the dismissal upon Husband's motion in September of 2006 and allowed Husband to counterclaim for divorce.

On May 5, 2008, the trial court granted Husband partial summary judgment finding that the June 2006 MDA/PP was valid and that Husband had substantially performed under those agreements.

Thereafter, in November of 2008, Husband filed a motion asking the court to grant the parties a divorce. A hearing was held on Husband's divorce request on December 16, 2008. At that hearing, however, the trial court did not rule on Husband's motion since the parties agreed to an irreconcilable differences divorce and agreed to incorporate the June 2006 MDA/PP into the decree. The Statement of the Evidence or Proceeding filed by Husband, without objection from Wife, reflects the following occurred at the December 2008 hearing:

> Judge Bivins asked Mrs. Bennett if she wished to be divorced from Mr. Bennett and Mrs. Bennett replied that she did.

> The Judge next asked Counsel for the Plaintiff how her client wished to proceed. He then asked if she wanted the Court to rule on Defendant's Motion to declare the parties divorced, or did she want to have a divorce on the basis of irreconcilable differences. That Counsel for the Plaintiff told the Court that she would like to take a moment to discuss the matter with her client, at which time Tammy Teal Bennett and C. Kaye Carlisle, Attorney at Law, had a discussion out of the hearing of the Court, Defendant, and Defendant's Counsel.

> That at the conclusion of that discussion, Counsel for Plaintiff, C. Kaye Carlisle, announced that her client, Tammy Teal Bennett, wished to proceed on the grounds of irreconcilable differences and obtain a divorce that day.

> That the Honorable Judge Jeff Bivins, Circuit Court Judge, administered the Oath to the Plaintiff and Defendant, and questioned both Plaintiff and Defendant as would be done in any other irreconcilable differences divorce.

> The Judge asked both Plaintiff and Defendant if there existed between them such irreconcilable differences that they could no longer live as husband and wife to which they both answered; "yes."

> **He asked both Plaintiff and Defendant if they wanted him to grant them a divorce on the basis of irreconcilable differences and to incorporate the**

**Marital Dissolution Agreement and Parenting Plan he had found to be a contract between them on May 5, 2008 into the Final Decree to which they both answered; "yes."**

That the Honorable Jeff Bivins found that there were irreconcilable differences between the parties and found that they should be divorced. He instructed Counsel for the Defendant to prepare a Final Decree and incorporate the previously referenced Marital Dissolution Agreement and Parenting Plan into said Final Decree.

That the parties left the courtroom and Counsel for the Defendant prepared a Final Decree pursuant to the parties' testimony in open court and same was lodged with the Clerk on December 17, 2008, and copied to Counsel for the Plaintiff.

That on December 22, 2008, Counsel for the Plaintiff lodged a similar Final Decree with the Clerk which also incorporated the amended Marital Dissolution Agreement and Parenting Plan that had been found to be a contract between the parties on May 5, 2008.

That the Honorable court signed Defendant's Final Decree on December 23, 2008, and filed same as the Final Decree in this cause. (emphasis added).

Wife appeals, arguing that the May 5, 2008 partial summary judgment order finding the June 2006 MDA/PP to be valid is in error because Wife's consent was obtained in 2006 under duress. On appeal, Husband argues not only the validity of the 2006 MDA/PP, but also that Wife waived any objection to those agreements when she agreed to incorporate it into the final decree in December of 2008.

## I. ANALYSIS

The record shows that Wife appeals the validity of the June 2006 MDA/PP on the grounds that in 2006, when she entered into those agreements, she was under duress. Wife makes no claim that she was under duress when she agreed to incorporate them into the final decree in December of 2008.

Whatever may have been Wife's objections in 2006,[1] at the December 2008 divorce hearing, when asked by the trial court whether she wanted a divorce based on irreconcilable differences and to incorporate the June 2006 MDA/PP into the Final Decree, Wife answered yes. Wife gave this response in open court, in the presence of her attorney, and after private consultation with her attorney.

---

[1] There appears to be an issue on appeal as to whether Wife raised duress to the trial court during the summary judgment proceedings. Since we find that she waived any possible objection, we are assuming that the issue was adequately raised before the trial court.

Wife's appeal fails on two grounds.  First, Wife waived any objections she may have had to the June 2006 MDA/PP.  Waiver requires an intentional or voluntary relinquishment of a known right. *Gaston v. Tenn. Farmers Mut. Co.*, 120 S.W.3d 815, 819 (Tenn. 2003) (quoting *Chattem, Inc. v. Provident Life & Accident*, 676 S.W.2d 953, 955 (Tenn. 1984)).  The intentional relinquishment may be shown a number of ways, including express declaration, acts and declarations showing an intent not to claim the right, or by course of conduct or failure to act evidencing an intent to relinquish the right.  *Gaston*, 120 S.W.3d at 819.

In this case the waiver could hardly be clearer.  Wife knew of any objections she may have had to the June 2006 MDA/PP.  Wife asked the court to incorporate the June 2006 Agreements into the Final Decree.  The trial court did not err by allowing the parties in December 2008 to agree upon the divorce and to agree upon the property division and parenting arrangement.  That Wife had previous objections to the June 2006 MDA/PP did not prevent her from waiving those objections and agreeing to adopt the property division and parenting arrangement incorporated in the June 2006 MDA/PP.

Second, the issue is moot.  A case will be considered moot if it no longer serves as a means to provide some sort of relief to the party who may prevail or if it no longer presents a present, live controversy. *State v. Ely*, 48 S.W.3d 710, 717 n.3 (Tenn. 2001); *County of Shelby v. McWherter*, 936 S.W.2d 923, 931 (Tenn. Ct. App. 1996).  Where a matter has been resolved, that claim must be dismissed as moot.  *County of Shelby,* 936 S.W.2d at 931.

Wife agreed to the June 2006 MDA/PP twice, in June of 2006 when she executed it and in December of 2008 when she agreed to include it in the decree.  Even if we assume that the trial court erred and the Wife was under duress when she agreed to it in 2006, Wife agreed to incorporate it into her divorce decree in 2008.  Consequently, Wife's subsequent behavior rendered any dispute about the validity of the June 2006 MDA/PP moot when she later asked the court to adopt it.

Consequently, we affirm the trial court's final judgment.  Costs of appeal are assessed against the appellant, Tammy Teal Bennett, for which execution may issue if necessary.

 

 

_____
PATRICIA J. COTTRELL, P.J., M.S.